595 P.2d 674

**In the Matter of 1969 FORD TRUCK I.D. NO. E14AHD34733 LICENSE NO. 2CB–870.**

**Michael Ray TORRES, Appellant,**

v.

**STATE of Arizona, Appellee.**

**No. 1 CA–CIV 4026.**

Court of Appeals of Arizona,
Division 1, Department B.

May 8, 1979.

* NOTE: The Honorable A. Melvin McDonald, Jr., Judge of the Superior Court of Maricopa County, participated in this decision as authorized by order of the Supreme Court of the State of Arizona filed January 2, 1979.

1. A.R.S. § 36–1044 provides:
   "Within twenty days after the mailing or publication of a notice of seizure, as provided

Gama, Guerrero, Iniguez & Alba, P. C. by Hermilio Iniguez, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellee.

OPINION

JACOBSON, Judge.

The sole issue presented in this forfeiture proceeding is whether the trial court erred in striking the owner's motion to suppress because of his failure to timely file a verified answer pursuant to A.R.S. § 36–1044.

The facts necessary to determine this issue are that on May 4, 1977, the 1969 Ford truck which is the subject of this forfeiture proceeding was seized when one pound of marijuana was found in the vehicle in the immediate presence of the vehicle owner, Michael Torres.

On May 13, 1977, the state filed its notice of intent to forfeit the vehicle. Pursuant to A.R.S. § 36–1044,[1] Torres had until June 2, 1977, in which to file his verified answer. On May 31, 1977, Torres filed in the forfeiture proceeding a motion to suppress the marijuana found in the vehicle based upon an allegedly illegal search and seizure. No verified answer pursuant to A.R.S. § 36–1044 was filed.

On June 8, 1977, the state filed a motion to strike the motion to suppress on the grounds that the owner had failed to file a verified answer. The trial court granted the state's motion, struck the motion to suppress and after a trial on the merits ordered the vehicle forfeited to the state.

by § 36–1043, the owner of the seized vehicle may file a verified answer to the allegation of the use of the vehicle contained in the notice of seizure and of the intended forfeiture proceedings. No extension of time shall be granted for the purpose of filing the answer."

A timely appeal has been taken by the owner.

The only issue raised by Torres' counsel before this court in his opening brief is whether the words "[n]o extension of time shall be granted for the purpose of filing the answer" contained in A.R.S. § 36–1044 are mandatory. In our opinion, this issue is not dispositive of the action taken by the trial court. We recently held in *In re One 1974 Mercedes Benz*, Ariz., 592 P.2d 383 (1979) that the forfeiting of a vehicle arising out of criminal activity is merely additional punishment extracted against the owner for the underlying crime. Given this posture of the forfeiture proceeding, this court was of the opinion that, at least in this quasi criminal setting, it owed a duty to bring to the attention of counsel the issue it felt was dispositive of the appeal. This was done and both counsel have filed supplemental briefs touching on the issue raised by the court. That issue is whether a motion to suppress evidence based upon an allegedly unconstitutional search and seizure is embraced within the matters which must be raised by a verified answer under A.R.S. § 36–1044, and which thus would be precluded by the failure to timely file an answer. We conclude under the statutes dealing with forfeiture that the issues raised by the motion to suppress are not embraced within the issues which must be framed by a verified answer and thus the failure to file such an answer does not preclude the trial court from ruling on the issues raised by the motion to suppress.

We reach this conclusion based upon an analysis of those issues which by statute are triable in a forfeiture proceeding and the separate function of a motion to suppress based upon an unconstitutional search and seizure.

The forfeiture proceeding is initiated by the state by filing a notice of seizure and intention to institute a forfeiture proceeding. A.R.S. § 36–1043. The state, by supplemental brief, correctly points out that the issues framed by that initial pleading by the state are whether illegal substances were in fact illegally kept, deposited or concealed in the vehicle sought to be forfeited and whether the registered owner is the individual upon whom notice of forfeiture was served.

To those issues so framed, the claimant may file a verified answer within twenty days of the date of the notice. A.R.S. § 36–1044. However, A.R.S. § 36–1045(C) makes clear what issues are to be embraced within that answer: [2]

"At the hearing [forfeiture hearing] any owner or claimant who has a verified answer on file may show by competent evidence that the vehicle was not used to transport narcotic drugs illegally, or that narcotic drugs were not unlawfully possessed by an occupant of the vehicle, nor the vehicle used as a depository or place of concealment for narcotic drugs."

It is the filing of the verified answer under A.R.S. § 36–1044 which by statute is deemed the prerequisite to raising these defenses. Thus A.R.S. § 36–1045(A) provides in part that:

"If a verified answer to the notice given . . . is not filed within twenty days . . . the court shall hear evidence upon the charge of unlawful use of the vehicle, and upon motion shall order the vehicle forfeited to the state."

We do not read the above statutory provision to mean that the claimant may not, by other appropriate pleading, raise defenses not embraced within an answer as circumscribed by A.R.S. § 36–1045(C). The most that can be gleaned from the statute is that failure to file a verified answer precludes defenses based upon the non-illegal use of the vehicle. Thus, if a claimant desires to raise defenses going to the underlying illegal use of the vehicle, or to the claimant's lack of knowledge of such use, he must file a verified answer under A.R.S. § 36–1044.

**2.** In view of *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970), an additional issue which should be raised by answer is whether the registered owner had knowledge of the presence of the illegal substance.

However, a motion to suppress based upon an illegal search and seizure does not raise defenses going to the illegal use of the vehicle. In fact, for the purposes of the motion, it is conceded that the vehicle was used to unlawfully keep, deposit or conceal narcotics. The issue raised by the motion to suppress is whether the state may admit the evidence of those narcotics which everyone agrees exists to prove that forfeiture is justified. This is based on the principle that evidence illegally seized may not be introduced in the forfeiture proceeding. *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). The motion to suppress and the answer raise entirely separate and distinct defenses.

The state has devoted a considerable portion of its supplemental brief to arguing that a motion to suppress does not fall within the meaning of a "verified answer" under A.R.S. § 36–1044. For the problem under discussion we feel such a determination to be immaterial. The issue is not whether a motion to suppress can take the place of a verified answer, but whether the failure to file a verified answer precludes a trial court from ruling on a timely filed [3] motion to suppress. Based on our conclusion that the two pleadings serve, under the forfeiture proceeding, two separate and distinct functions, we hold that the failure to file a verified answer does not preclude the trial court from ruling on a timely filed motion to suppress.

The judgment of forfeiture is reversed and the matter remanded with directions to hold a hearing on Torres' motion to suppress.

SCHROEDER, P. J., and OGG, C. J., Division 1, concur.

---

3. We express no opinion as to whether a motion to suppress filed more than twenty days following the notice requirement of A.R.S. § 36–1043 requires the trial court to rule on its merits.