639 P.2d 369

**In the Matter of 1977 HONDA MOTOR-CYCLE, VIN NO. GLI-3005553, 1980 ARIZONA LICENSE PSE-9M/C.**

**STATE of Arizona, Plaintiff/Appellee,**

v.

**James HANSEN, Defendant/Appellant.**

**No. 2 CA-CIV 3982.**

Court of Appeals of Arizona,
Division 2.

Dec. 2, 1981.

Stephen D. Neely, Pima County Atty. by Lynne A. Gallagher, Deputy County Atty., Tucson, for plaintiff/appellee.

William J. Risner, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Judge.

This appeal by appellant, James Hansen, is from an order of the Pima County Superior Court forfeiting the captioned motorcycle to the state pursuant to A.R.S. § 36–1041, et seq.[1] The appellant claims to be the owner of the vehicle although no evidence supporting this claim was before the trial court.

The motorcycle was seized when its driver was arrested and, upon being searched, found to have cocaine on his person. Notice of forfeiture proceedings were duly served on appellant and the driver. The notice was also mailed to the registered owner at the address on the records of the division of motor vehicles. See A.R.S. § 36–1043. None of these persons filed a verified answer pursuant to A.R.S. § 36–1044. Appellant's counsel in this appeal did file an unverified answer on behalf of the "defendants."

At the forfeiture hearing the trial court heard the state's motion to strike the answer and enter default. Appellant's counsel appeared at that hearing and opposed the motion. The court granted the motion and entered default, presumably the default of the three parties named in the notice of seizure. The court also ruled that appel-

lant's counsel could not "put on any defense," explaining to counsel, "It is just as if you weren't here." After the state had commenced with evidence of its case, the court changed this latter ruling by giving counsel the right to object and to cross-examine, ". . . to do everything except offer defenses so far as the case in chief."

The evidence produced at the hearing proved the allegations of the state's initial pleading that:

1) Vicki Nichols was the record owner of the vehicle;

2) in May, 1980, a search warrant was executed at appellant's Tucson residence;

3) while the officers were there one Scott Emmerich arrived on the Honda motorcycle, was arrested and searched; and

4) cocaine was found on the person of Mr. Emmerich.

No evidence was presented to show that either appellant or Ms. Nichols knew the vehicle was being used to transport narcotics. However, in the notice of seizure, the state did allege that:

"On or about the 16th day of May, 1980, Scott Emmerich, James Hansen and Vicki Nichols did use or permit to be used [the vehicle] to transport, keep, deposit, or conceal unlawfully a narcotic drug, or that such narcotic drug was unlawfully possessed by an occupant thereof, in violation of Arizona Revised Statutes § 36–1002, and 36–1002.02, as amended.

· · · · ·

The owner, Vicki Nichols, knew or had reason to know that the Defendant vehicle was being used by Scott Emmerich and James Hansen to transport illegal narcotics."

At the conclusion of the hearing the court heard argument from the state and appellant's counsel and entered judgment forfeiting the vehicle.

The appellant now presents the following questions:

1. References to the forfeiture statutes are to those in force before their amendment effective

July 1, 1981.

1) Whether forfeiture of a vehicle under A.R.S. § 36–1041 et seq. can be effected without proof of the owner's knowledge or scienter that the vehicle would be employed in an illegal activity.

2) Whether a forfeiture can be based on evidence obtained in violation of the Fourth Amendment to the United States Constitution.

3) Whether the trial court allowed sufficient participation in the forfeiture proceeding by counsel for the vehicle's owner.

4) Whether the default for failure to file a verified answer violated Hansen's Fifth Amendment rights.

5) Whether a court can set aside a forfeiture after default was entered against the vehicle's owner.

6) Whether the owner's failure to file a verified answer precludes setting aside the default and forfeiture.

■ We find no error and affirm.

A.R.S. § 36–1041 provides that:

"The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an. occupant, shall be forfeited to the state."

A.R.S. § 36–1044 provides that:

"Within twenty days after the mailing or publication of a notice of seizure, as provided by § 36–1043, the owner of the seized vehicle may file a verified answer to the allegation of the use of the vehicle contained in the notice of seizure and of the intended forfeiture proceedings. No extension of time shall be granted for the purpose of filing the answer."

A strict interpretation of these statutes would preclude any consideration of the owner's lack of knowledge that the vehicle was being used in unlawful activities. However, in the case of In the Matter of One 1965 Ford Mustang, 105 Ariz. 293, 463 P.2d 827 (1970), our supreme court held that an automobile may not be forfeited pursuant to these statutes unless the owner had some connection with the narcotics violation, or intended to permit such use of the vehicle, or had knowledge it was so used. See also In the Matter of One 1952 Volkswagon Sedan, 105 Ariz. 315, 464 P.2d 338 (1970).

■ The question presented in this appeal is whether the state must prove the owner's scienter or whether this is in the nature of an affirmative defense. We believe it to be the latter. In the Ford Mustang case, the court observed that the statute, construed literally, permitted the interest of an innocent owner to be forfeited, but held that the legislature intended to permit such an innocent person to prove lack of scienter. Nowhere in the opinion is it suggested that the owner's knowledge is an additional element to be proven by the state. Appellant has not referred to any authority so holding. In the Matter of 1969 Ford Truck, 122 Ariz. 442, 595 P.2d 674 (App.1979) contains the following statement, with which we agree:

"... if a claimant desires to raise defenses going to the underlying illegal use of the vehicle, or to the claimant's lack of knowledge of such use, he must file a verified answer under A.R.S. § 36–1044." 122 Ariz. at 443, 595 P.2d 674 (emphasis added)

■ Concerning the second question presented, i.e., whether a forfeiture can be ordered when the narcotics were seized in violation of 4th Amendment Rights, appellant points out that the cocaine was suppressed in the criminal prosecution against the driver. The ruling in the criminal case was apparently subsequent to the forfeiture order. No suggestion of any such unlawful seizure was made to the trial court in this case. We cannot consider this issue on appeal. Jennings v. Roberts Scott and Co., Inc., 113 Ariz. 57, 546 P.2d 343 (1976). This is true even if the issue is a constitutional one. Van Dusen v. Registrar of Contractors, 12 Ariz.App. 518, 472 P.2d 487 (1970).

■ Before turning to the third question, we find that the trial court properly granted the state's motion to strike the unverified answer and enter the default. The

statute clearly requires a verified answer and counsel's unverified answer does not satisfy the legislative directive. No excuse for noncompliance appears in the record, other than the legal justification argued in support of the Fifth Amendment claim.

The third question presented by appellant is whether, default having been entered, the trial court improperly limited counsel's participation in the hearing which followed. We find that it did not. A.R.S. § 36–1045(A) provides:

"If a verified answer to the notice given as prescribed by this article is not filed within twenty days after the mailing or publication thereof, the court shall hear evidence upon the charge of unlawful use of the vehicle, and upon motion shall order the vehicle forfeited to the state."

The trial court permitted counsel to object, cross-examine and argue. Since no verified answer was on file, appellant had no legal right to present evidence.

If the required answer had been filed, then the matter would have proceeded under A.R.S. § 36–1045(B) and (C) which provide:

"If a verified answer is filed, the forfeiture proceedings shall be set for hearing on a day not less than thirty days after the answer is filed, and the proceedings shall have priority over other civil cases. Notice of the hearing shall be given in the manner provided for service of the notice of seizure.

At the hearing any owner or claimant who has a verified answer on file may show by competent evidence that the vehicle was not used to transport narcotic drugs illegally, or that narcotic drugs were not unlawfully possessed by an occupant of the vehicle, nor the vehicle used as a depository or place of concealment for narcotic drugs."

Since no verified answer was filed, it was not even necessary to have default entered. The forfeiture statutes we have set forth provide the manner in which the court shall proceed, depending upon existence of a verified answer.

Appellant next contends that he did not file a verified answer because this legislative requirement violates his Fifth Amendment rights against self-incrimination. The appellee describes this argument as absurd. We agree with this characterization. The only authority cited, *Doherty v. United States*, 500 F.2d 540 (Ct.Cl.1974), broadly holds that since forfeitures are connected with the enforcement of the criminal law, the privilege is applicable, but it certainly does not hold that requiring an owner (or other claimant) to file a verified answer violates his right against self-incrimination.

The last two questions presented were not presented to the trial court and we therefore will not consider them on appeal. *Jennings v. Roberts Scott & Co., supra.* Although the appellant resisted the motion to strike the answer and enter default, he made no subsequent motion to set the default aside. We have already discussed the propriety of the court's initial ruling.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.