755 P.2d 1166

**STATE of Arizona, Plaintiff-Appellee,**

v.

**NINETEEN THOUSAND TWO HUNDRED AND THIRTY–EIGHT DOLLARS ($19,238.00) IN UNITED STATES CURRENCY,**

and

**One Parcel of Real Estate Together With All Improvements, Appurtenances and Fixtures Thereon, Described as Lot 1024 Deerview Unit Eleven According to Book 139 of Maps, Page 4, Records of Maricopa County, Arizona, Defendants-Appellants,**

and

**John Paul Bauman, Claimant-Appellant.**

**No. 1 CA–CIV 9176.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 13, 1987.

Reconsideration Denied Jan. 29, 1988.

Review Denied July 6, 1988.

Thomas E. Collins, Maricopa Co. Atty. by Sandra L. Janzen, Deputy Co. Atty., Phoenix, for plaintiff-appellee.

Michael O. Wilkinson, Phoenix, for defendants-appellants and claimant-appellant.

John Paul Bauman, in pro. per.

## OPINION

BURTON M. APKER, Judge Pro Tem.

This appeal is from summary judgment forfeiting the interest of John Paul Bauman in certain residential property pursuant to A.R.S. § 13–106 [Replaced by A.R.S. § 13–4301 to –4315] and A.R.S. § 13–2314

to –2317, and from an order denying relief from the judgment pursuant to rule 60(c), Arizona Rules of Civil Procedure.

The issues raised on appeal are: (1) whether Bauman was a party to the *in rem* forfeiture proceedings; (2) if so, whether Bauman was improperly denied an evidentiary hearing; and (3) whether the granting of a motion to suppress in the underlying criminal actions negated the factual and legal basis for summary judgment of forfeiture.

On November 13, 1985, the state filed an *in rem* civil complaint to obtain forfeiture of the residential property alleging that methamphetamine along with packaging materials, drug substances, scales and bags were found in a specially constructed false closet at Bauman's residence during a search of the premises.[1] A criminal action against Bauman had been filed approximately nine months prior to the civil action, and a second criminal case had been filed one month prior to the civil case. Notice of the seizure and pending forfeiture was served on Bauman and Bauman filed a notice of claim pursuant to A.R.S. § 13–106(G), alleging that he was the owner of the property and that any unlawful act upon which the forfeiture was based was totally without his consent or knowledge.

On January 23, 1986, the state served Bauman with a request for admissions in the *in rem* action pursuant to rule 36, Arizona Rules of Civil Procedure, and rule 2.14, Local Rules of Practice for Maricopa County Superior Court. Included in the request were admissions that Bauman had: possessed and sold dangerous drugs at his residence, discussed the presence of drugs at his residence with others including the informant in the criminal proceedings, purchased narcotic drugs, directed construction and helped construct the hidden closet where the methamphetamine and paraphernalia were found.

The original request for admissions was hand-delivered to Bauman's attorney on January 23, 1986; consequently, the last day on which to file a timely response would be February 22, 1986. Rule 36, Arizona Rules of Civil Procedure. Bauman made no response until February 25, 1986, when Bauman filed an objection to the request for admissions alleging that he was not a "party" to the lawsuit and could not be subjected to discovery proceedings including a rule 36 request.

On March 12, 1986, the state filed a motion for partial summary judgment contending that the admissions set forth facts sufficient to establish grounds for forfeiture pursuant to A.R.S. § 13–106.

On March 25, 1986, Bauman filed motions in the criminal cases to suppress the evidence discovered during the search of his residence.

Bauman filed an objection to the motion for partial summary judgment on March 27, 1986, again alleging that he was merely a "claimant" and was not a party to the lawsuit. He did not at that time inform the court that the motions to suppress were pending.

By minute entry dated April 3, 1986, the trial court granted Bauman's objections to the request for admissions on grounds that there had been no response to the motion. The state then filed a reply to Bauman's objections to its motion for partial summary judgment and a motion asking the court to reconsider its ruling on Bauman's objection to the request for admissions.

On April 16, 1986, Bauman moved for a protective order on Fifth Amendment grounds against the state's request for admissions, and asked the court to stay the forfeiture proceedings until the motions to suppress were decided in the criminal cases.

On April 18, 1986, a hearing was conducted on the state's motion to reconsider and motion for partial summary judgment. Counsel for Bauman was present but apparently observed the proceeding rather than participating. After taking the mat-

---

1. The complaint also alleged that almost $20,000 was found in the closet. However, in his notice of claim, Bauman stated that this money was the sole and separate property of his former wife and no issue is raised on appeal with respect to forfeiture of the money.

ter under advisement, the trial judge granted the state's motion to reconsider finding that Bauman's objection to the request for admissions had been untimely and that the facts set forth in the request were deemed admitted. The judge then concluded that there were no disputed issues of material fact and granted the state's motion for summary judgment. At the same time, the court denied Bauman's motion for protective order in which Bauman asked the court to stay the proceedings until the disposition of the criminal case.

Bauman later filed a motion asking the court to reconsider its order granting summary judgment. He reiterated his contention that he was not a party to the *in rem* cause of action. He also advised the court that his motion to suppress the evidence acquired during the search of his home had been granted in the criminal proceeding, and argued that the suppressed evidence could not be used in the civil proceeding to forfeit his interest in the residence. Bauman's motion to reconsider was denied and this appeal followed.

We first address Bauman's contention that he was not a party to the *in rem* proceedings. A.R.S. § 13–106 gives any person claiming an interest in forfeitable property the right to file a verified claim to protect that interest. The effect of filing such claim is to determine the interest of the claimant in the property subject to forfeiture. Both former A.R.S. §§ 13–106 and 13–2314 provide for *in personam* and *in rem* forfeiture. In an *in personam* action, the state may recover against any property held by the person, while in an *in rem* action, any recovery is limited to the defendant properties before the court. *O'Leary v. Superior Court*, 104 Ariz. 308, 312, 452 P.2d 101, 105 (1969), *overruled on other grounds, Walker v. Dallas*, 146 Ariz. 440, 706 P.2d 1207 (1985). *Compare* A.R.S. § 13–4310 *with* § 13–4311. For the reasons stated below, the fact that this litigation is an *in rem* proceeding does not negate a claimant's status as a party, nor, were there a proper predicate, his responsibility to adhere to the rules of civil procedure applicable to such proceedings.

A party is one who has a right to control proceedings, to make a defense, to present evidence and to appeal. *Chalpin v. Mobile Gardens, Inc.*, 18 Ariz.App. 231, 501 P.2d 407 (1972). This court has stated that:

> It is thus not the formalization of the existence of the "party" status by order of the court which makes a person a "party" to the action, but rather it is the right to appear and contest which is controlling. This *right* comes into existence upon subjecting oneself, to the jurisdiction of the court ... or by the apparent exercise of the courts' jurisdiction over a person....

18 Ariz.App. at 234, 501 P.2d at 410, *accord Helge v. Druke*, 136 Ariz. 434, 437, 666 P.2d 534, 537 (App.1983).

Bauman participated in this action. He made an appearance authorized by A.R.S. § 13–106 by filing a verified claim; he had a direct interest in the realty as he claimed it was his; he had a right to contest the evidence presented by the state; and he had the right to examine and cross-examine witnesses. In fact, pursuant to § 13–106(G), a claimant is required to present witnesses or other evidence to support his claim and carry his burden of proof. Thus, Bauman was a party subject to discovery and other rules applicable in a civil lawsuit.

We then address Bauman's contention that he was improperly denied an evidentiary hearing. In connection with this position Bauman argues that the discovery rules and summary judgment rules applicable to civil lawsuits were not applicable to the forfeiture proceeding.

Forfeiture of property by the state at times relevant to this appeal was governed by A.R.S. § 13–106, which provided that "the procedure for forfeiture shall be as set forth in this section and the rules of civil procedure apply, unless a different procedure is otherwise provided by law." Bauman apparently contends that the "rules of civil procedure" referred to in § 13–106 are not the "Rules of Civil Procedure" set forth in Title 16 of Arizona Revised Statutes because the phrase is not

capitalized. We find no merit to this argument.

Rule 1 of the Arizona Rules of Civil Procedure expressly states that the rules are applicable in civil suits, and they have been held so applicable unless there is a specific statute directly in conflict. *See, e.g.,* A.R.S. § 12–1171 to –1183; *Byrd v. Peterson,* 66 Ariz. 253, 186 P.2d 955 (1947).

It is abundantly clear that summary judgment is appropriate in forfeiture proceedings. Numerous courts have so held. *See, e.g., United States v. Little Al,* 712 F.2d 133 (5th Cir.1983); *United States v. One 1975 Mercedes,* 590 F.2d 196 (6th Cir. 1978). *Accord United States v. Various Slot Machines on Guam,* 658 F.2d 697 (9th Cir.1981); *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896 (5th Cir.1980), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 886, 66 L.Ed. 2d 806 (1981).

■ Bauman argues that A.R.S. § 13–106 sets forth a procedure which conflicts with the Rules of Civil Procedure. He maintains that a rule 56 hearing on summary judgment is not permitted under § 13–106, but rather that an evidentiary hearing must occur. He points to no specific provision of § 13–106 for this contention other than references to his right to establish his claim to the property by a preponderance of the evidence. *See* A.R.S. § 13–106(G).

We find no conflict between this statute and rule 56. If Bauman had chosen to present evidence to establish his entitlement, rule 56 would not preclude a hearing. However, where Bauman elected not to present evidence by affidavit, deposition or otherwise, A.R.S. § 13–106(G) cannot be reasonably construed to require an evidentiary hearing. The record is clear that Bauman elected not to participate in any hearing, but simply denied that he was a "party" to the litigation.

We come now to the signal issue in the case—on the state of the record, was the State of Arizona entitled to judgment of forfeiture as a matter of law?

To answer this question, we must consider both the essential nature of such forfeiture proceedings and the minimal showing constitutionally required to enforce a divestiture of property rights.

Forfeiture proceedings under the authority of A.R.S. §§ 13–2314 to –2317 and by §§ 13–4301 to –4315 are designed to take from a wrongdoer the fruits of the forbidden activity. The proceedings may be civil, but the predicate is criminal activity and the result is punitive. We must therefore consider the constitution-mandated foundation for an order of forfeiture.

Real property is subject to forfeiture in an *in rem* proceeding under A.R.S. § 13–4311 in the following circumstances: [2]

(i) upon conviction of a predicate offense if judgment of forfeiture has been entered in forfeiture proceedings (A.R.S. § 13–4310(C));

(ii) where a showing is made by the state by a preponderance of admissible evidence that a predicate offense exists (A.R.S. § 13–4311(G) and (H)); or

(iii) where the state files a verified complaint based upon admissible evidence that a predicate offense exists and the owner or interest holder in the property fails to file a claim and request for hearing within thirty days after the notice of pending forfeiture is given (A.R.S. §§ 13–4311(A) and 13–4309(3)(e).

*See* A.R.S. §§ 13–4305 A(3)(b) and (c) and *In re 1977 Honda Motorcycle,* 131 Ariz. 179, 639 P.2d 369 (App.1981).

▪ ■ The Ninth Circuit has held that, because forfeiture proceedings are quasi-criminal in character, the exclusionary rule applies to such proceedings, barring evidence obtained in violation of the Fourth Amendment. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444 (9th Cir.1983), *cert. denied Webb v. United States,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). Similarly, the Fifth Circuit has held that evidence obtained by an unlawful

---

**2.** For purposes of this opinion, we treat former A.R.S. § 13–106 as being recodified in § 13–4311, the decision we reach here being equally applicable to proceedings under both sections.

search may not be used to establish a basis for forfeiture. *Vance v. United States,* 676 F.2d 183 (5th Cir.1982). Here, Bauman did not present affidavits or other evidence in opposition to the state's motion for partial summary judgment. The question is whether the state's motion—in the face of Bauman's request for a stay pending resolution of the motions to suppress—shows that there is no genuine issue of disputed fact and that the state is entitled to judgment as a matter of law under rule 56, Arizona Rules of Civil Procedure. In ruling as she did, the trial judge necessarily concluded that the state's motion did. We disagree.

It is true that a party to a civil action cannot, simply by invoking the Fifth Amendment right against self-incrimination, refuse with impunity to respond to proper discovery. Division 2 of this court has characterized an argument to the contrary as absurd. *In re 1977 Honda Motorcycle,* 131 Ariz. at 182, 639 P.2d at 372. Indeed, were the law otherwise, no party willing to claim, truthfully or otherwise, that his answers might tend to incriminate him in some manner could ever be compelled to respond to discovery. It is also true that in forfeiture proceedings Fourth Amendment rights against unlawful search must be raised below or they are waived and cannot be considered on appeal. In *In re 1977 Honda Motorcycle,* the court held:

> Concerning the second question presented, i.e., whether a forfeiture can be ordered when the narcotics were seized in violation of 4th Amendment Rights, appellant points out that the cocaine was suppressed in the criminal prosecution against the driver. The ruling in the criminal case was apparently subsequent to the forfeiture order. No suggestion of any such unlawful seizure was made to the trial court in this case. We cannot consider this issue on appeal. [Citations omitted.] This is true even if the issue is a constitutional one.

131 Ariz. at 181, 639 P.2d at 371.

But here Bauman, before the summary judgment was entered, filed a "Motion for a Protection Order," in substance and effect a motion to stay the forfeiture proceedings pending disposition of his pending motions in the criminal cases to suppress the evidence obtained through the search of the residence. We hold that a motion to stay, if timely brought to the court's attention, would properly raise the question of the legality of the search, and thus the admissibility of the evidence.

On the record before us, it is clear that Bauman was never convicted of the predicate offenses charged, and, therefore, forfeiture cannot be sustained on the basis of a conviction.

Nor can forfeiture here be sustained on the basis of some showing by the state by a verified complaint or other verified pleading that admissible evidence of a predicate offense exists, or that the verifying officer had probable cause to believe that the property was subject to forfeiture. On the record before us, the state's only verified pleading was the complaint. The verification to the complaint alludes only to the facts discovered by the unlawful search and does not rest upon other facts known to the verifying officer, nor even upon information imparted by a third person to the officer which, although hearsay, might constitute probable cause to believe that the property is subject to forfeiture.

The proceedings in the criminal cases are not part of the record here. We know only that the motions to suppress were granted, and that the state felt that an appeal would be unavailing. On the state of the record we cannot determine whether the state will be able to adduce untainted evidence apart from the poisoned fruit of the illegal search to establish probable cause that a predicate offense has been committed.

Because of the evident deficiencies in the verified complaint filed by the state (i.e., that it was based solely on tainted evidence), it is fundamentally unfair to impose discovery sanctions on a party which result, as a practical matter, in the loss of such party's rights to his property. The civil proceedings have no legitimacy absent a showing that probable cause existed for forfeiture when those proceedings were initiated. Accordingly, we conclude that the

trial judge should not have granted the state's motion for reconsideration and entered judgment based upon discovery sanctions for failure to respond to request for admissions. The request for admissions had no legitimacy greater than that of the verified complaint which initiated the proceedings. To hold otherwise would be to permit the state to accomplish what it is constitutionally prohibited from doing—using tainted evidence to forfeit property—by a procedural discovery device.

Under all of these circumstances, it was error to grant summary judgment. The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

GREER, P.J., and GRANT, J., concur.

NOTE: BURTON M. APKER was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3 and A.R. S. §§ 12-145 to –147.