168 Ariz. 399 (1991)
814 P.2d 356
In re ONE 1983 TOYOTA SILVER FOUR-DOOR SEDAN, VIN #JT2MX63E4D0004378, Defendant.
STATE of Arizona, ex rel., Robert K. CORBIN, Attorney General, Plaintiff-Appellee,
v.
Willa VALENTINE, Claimant-Appellant.
No. 1 CA-CV 89-079.
Court of Appeals of Arizona, Division 1, Department C.
July 2, 1991.
*400 Grant Woods, Atty. Gen. by Judson W. Roberts and Daniel J. Kiley, Asst. Attys. Gen., Phoenix, for plaintiff-appellee.
Henze, Ronan & Clark by Greg Clark, Phoenix, for claimant-appellant.
OPINION
CLABORNE, Judge.
In March 1988, the State of Arizona seized a 1983 Toyota four-door sedan registered in the name of Willa Valentine. The state seized the property for forfeiture based on allegations that Jeanne Scott Ochino, Mrs. Valentine's daughter, committed certain "racketeering" violations by skimming cash from the Rumper Room, a topless dancer club, and used the vehicle to transport the skimmed cash to her residence.[1] The state alleged that such conduct gives rise to forfeiture based on A.R.S. §§ 13-2314 and 13-4301 to 13-4315. Mrs. Valentine received written notice of the seizure of her property on March 19, 1988.
Mrs. Valentine filed a complaint and request for an order to show cause pursuant to A.R.S. § 13-4311, claiming that she is the exclusive owner of the vehicle and that she acquired the vehicle prior to the occurrence of the conduct giving rise to forfeiture. The state answered the complaint and filed a counterclaim seeking in rem forfeiture of the vehicle. The parties stipulated to allow the court to consolidate the hearing on the complaint and counterclaim with the order to show cause hearing because it involved the identical subject matter and the same issues.
The hearing revealed the following facts. In October 1982, Ms. Occhino purchased the vehicle from a dealer in Scottsdale, Arizona, and gave her address as 136 E. 107th Street, Chicago, Illinois. The State of Illinois issued a certificate of title to Ms. Occhino on January 11, 1983. On July 10, 1983, Ms. Occhino transferred title to her mother. Mrs. Valentine used the vehicle for a short period in Illinois, and then, in 1984, left the vehicle in Phoenix to use when she visited in the winter. She maintained the insurance on the vehicle from the time of the transfer of title until the time of the forfeiture. When Mrs. Valentine was not using the vehicle, it was used by Ms. Occhino. There was evidence that in 1985, Ms. Occhino claimed on a Visa credit application that the vehicle was hers. The state made no claim that Mrs. Valentine was in any way connected with the skimming operation of her daughter, or *401 that she knew or suspected it was occurring or that it was likely to occur.
The trial court ruled that the vehicle was subject to forfeiture under A.R.S. § 13-2314(D)(6)(c).[2] It found that at the time of the forfeiture, the "true owner" of the vehicle was Ms. Occhino. In making this determination the trial court said:
This ownership interest is not only evidenced by the continuous dominion and control exercised by Jeanne Occhino, but, also, by her own statements as to ownership on an application for credit in 1985 and the total lack of any consideration paid by Willa Valentine for the transfer of the vehicle to her.
The court ordered the vehicle forfeited. Mrs. Valentine filed a timely appeal from this order. We reverse.
DISCUSSION
Arizona Revised Statutes § 13-2314(F)(3) authorizes the state to file an action for forfeiture of "all ... property and other things of value used or intended to be used in any manner or part to facilitate the commission of the offense." An owner of or interest holder in the property may file a claim against the property for a hearing to adjudicate the validity of his or her claimed interest in the property. A.R.S. § 13-4311(D). At the hearing, the state has the initial burden of showing the existence of probable cause for forfeiture of the property. A.R.S. § 13-4311(K). Once the state has met this burden, the burden shifts to the owner or interest holder to show by a preponderance of the evidence that his or her interest in the property is not subject to forfeiture. Id.
The state presented evidence in this case that: Ms. Occhino, the owner of the Rumper Room, under-reported the club's gross income on sales tax returns filed with the Department of Revenue in violation of A.R.S. §§ 13-2310 and 13-2312; she transported the unreported income from the Rumper Room to her residence where she concealed it in violation of A.R.S. § 13-2317; and she used this vehicle to transport the unreported income. The trial court found that the evidence established that the vehicle was used in connection with an offense which makes the vehicle subject to forfeiture pursuant to A.R.S. § 13-2314(D)(6)(c). The trial court also found that Mrs. Valentine failed to establish her interest as an owner of the vehicle.
The only issue presented in this appeal is whether the trial court erred in determining that Mrs. Valentine had failed to establish her interest as an owner of the vehicle. Mrs. Valentine claims that she is an "innocent owner" pursuant to A.R.S. § 13-4304(3). That statute provides that an owner's or interest holder's interest may not be forfeited if the owner or interest holder establishes all of the following:
(a) He acquired the interest before or during the conduct giving rise to forfeiture.
(b) He did not empower any person whose act or omission gives rise to forfeiture with legal or equitable power to convey the interest, as to a bona fide purchaser for value, and he was not married to any such person or if married to such person, held the property as separate property.
(c) He did not know and could not reasonably have known of the act or omission or that it was likely to occur.
A.R.S. § 13-4304(3).
To assert the "innocent owner" defense, Mrs. Valentine must first establish that she owns the vehicle or holds an interest in it. A.R.S. § 13-4301(3) defines "owner" as:
[A] person who is not a secured party within the meaning of § 47-9105 and who has an interest in property, whether legal or equitable. A purported interest which is not in compliance with any statute requiring its recordation or reflection in public records in order to perfect the *402 interest against a bona fide purchaser for value shall not be recognized as an interest against this state in an action pursuant to this chapter. An owner with power to convey property binds other owners, and a spouse binds his spouse, by his act or omission.
The state argues that the fact that the vehicle was titled in Mrs. Valentine's name does not prove an ownership interest. We disagree.
A prima facie presumption of ownership arises from a certificate of title. Wallace Imports, Inc. v. Howe, 138 Ariz. 217, 224, 673 P.2d 961, 968 (App. 1983) (citing Pacific Finance Corp. v. Gherna, 36 Ariz. 509, 287 P. 304 (1930)). See 60 C.J.S. Motor Vehicles § 42(3) (1969). This presumption, however, may be rebutted. Wallace Imports, 138 Ariz. at 224, 673 P.2d at 968.
Here, the state presented evidence that Ms. Occhino uses the vehicle and that she listed it as her property on a credit card application. This evidence, however, is not sufficient to overcome the presumption that Mrs. Valentine, as title holder, owns the vehicle. Moreover, the record indicates that Mrs. Valentine maintains the insurance on the vehicle and uses it during the winter months when she is in Arizona.
Several courts have found that in statutes providing an exemption from forfeiture for innocent owners of property used in the commission of certain crimes, the term "owner" means registered title holder. See United States v. One (1) 1976 Cessna Model 210L Aircraft, 890 F.2d 77, 79-80 (8th Cir.1989). See also State v. One 1984 Toyota Truck, 311 Md. 171, 181-82, 533 A.2d 659, 664 (1987); State v. One (1) Ford Van, Econoline, 154 N.J. Super. 326, 332-33, 381 A.2d 387, 391 (1977), review denied, 77 N.J. 474, 391 A.2d 489 (1978). In One (1) Ford Van, Econoline, a case factually similar to the present case, a vehicle was forfeited because the son of the registered owner of the vehicle loaned it to someone to use in an illegal drug transaction. 154 N.J. Super. at 329, 381 A.2d at 389. The trial court found that the son was the owner of the vehicle because the father had released the "benefits of ownership" to his son, including "custody," "use," and "control." Id. at 331, 381 A.2d at 390. The court of appeals disagreed and found that the father was the owner of the vehicle. Id. at 333, 381 A.2d at 391. The court of appeals considered the uncontradicted facts that the father retained title in his name, purchased insurance on the car in his name as the owner, and paid for repairs. Id. After observing that statutes designed to alleviate the rigors of forfeiture are to be interpreted to afford maximum relief, the court construed the term "owner" in the innocent owner statute as the registered title holder. Id. at 331-33, 381 A.2d at 391.
We believe the trial court erred in holding that Mrs. Valentine failed to establish an ownership interest in the vehicle. The fact that Mrs. Valentine holds title to the vehicle, maintains the insurance on it, and uses it when she is in Arizona establishes her as an "owner" pursuant to A.R.S. §§ 13-4301(3) and 13-4304(3).
The trial court found that the total lack of consideration paid by Mrs. Valentine for the transfer of the vehicle to her further evidenced that Ms. Occhino was the true owner of the vehicle. Consideration is not necessary to effect a valid transfer of ownership of a motor vehicle. See 60 C.J.S. Motor Vehicles § 40(3) (1969). The record indicates that Ms. Occhino properly endorsed the certificate of title, that she intended to transfer the vehicle to Mrs. Valentine, and that Ms. Occhino delivered the certificate and the vehicle to Mrs. Valentine. We do not regard this transfer as a sham.
Because Mrs. Valentine is the owner of a vehicle which was found to be subject to forfeiture, the next question is whether she is entitled to the protection of A.R.S. § 13-4304(3).
Arizona statutes provide for in personam and in rem forfeitures. A.R.S. §§ 13-4311 and 13-4312. In personam forfeitures are those in which the state may recover against any property held by a person. See State v. Nineteen Thousand *403 Two Hundred and Thirty-Eight Dollars ($19,238.00) in United States Currency, 157 Ariz. 178, 181, 755 P.2d 1166, 1169 (App. 1987). An in rem proceeding is an action against, among other things, a particular piece of property which was used or intended to be used in any manner or part to facilitate the commission of the offense. Id. See A.R.S. § 13-2314.
In rem forfeitures derive from ancient religious beliefs that religious expiation was required of a chattel that caused a person's death. See O. Holmes, The Common Law, c. 1 (1881) (cited in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 680-81, 94 S.Ct. 2080, 2090, 40 L.Ed.2d 452 (1974)). Forfeitures were transported into English common law and eventually lost their religious connotations. Calero-Toledo, 416 U.S. at 681-82, 94 S.Ct. at 2090-91. They became a source of revenue for the Crown, which justified its action as a penalty for the carelessness of the owner. Id. Modern forfeiture statutes are designed to take from the wrongdoer the fruits of the offense or the property used in the commission of or to facilitate the offense. Nineteen Thousand Two Hundred and Thirty-Eight Dollars ($19,238.00) in United States Currency, 157 Ariz. at 182, 755 P.2d at 1170. Although civil in rem actions are remedial in nature rather than punitive, the innocence of the owner is still of primary importance. See A.R.S. § 13-2314(N). Statutes which provide appropriate exemptions from the scope of forfeiture ought to be liberally construed to avoid the imposition of forfeiture. See In re One 1965 Ford Mustang, 105 Ariz. 293, 300, 463 P.2d 827, 834 (1970).[3]See also One (1) Ford Van, Econoline, 154 N.J. Super. at 331-32, 381 A.2d at 390 (1977) (citing 37 C.J.S. Forfeitures § 46).
A.R.S. § 13-4304(3) provides an exemption from forfeiture if the owner or interest holder can establish three elements. First, the owner or interest holder must show that he or she acquired the interest before or during the conduct giving rise to forfeiture. A.R.S. § 13-4304(3)(a). The evidence presented at the hearing indicated that Mrs. Valentine received title to the vehicle on July 10, 1983. Ms. Occhino's alleged racketeering activities did not begin until August 1987, and continued through March 1988. Therefore, Mrs. Valentine acquired her interest in the vehicle four years before the time Ms. Occhino engaged in the alleged conduct which gives rise to forfeiture.
The next element is that the owner or interest holder must show that he or she did not empower any person whose act or omission gives rise to forfeiture with legal or equitable power to convey the interest, as to a bona fide purchaser for value, and he or she was not married to any such person or if married to such person, held the property as separate property. A.R.S. § 13-4304(3)(b). Mrs. Valentine testified without contradiction at the hearing that she never empowered Ms. Occhino to sell the vehicle or in any way transfer title. She testified that she thought about transferring the vehicle back to her daughter at one time when she was ill, but no transfer occurred.
The third element is that the owner or interest holder must establish that he or she did not know and could not reasonably have known of the act or omission giving *404 rise to forfeiture or that it was likely to occur. A.R.S. § 13-4304(3)(c).[4]See In re One 1965 Ford Mustang, 105 Ariz. at 300-01, 463 P.2d at 834-35. The state did not assert that Mrs. Valentine had participated in or was even aware of the acts giving rise to forfeiture. In fact, in its memorandum filed prior to the hearing, the state conceded that if Mrs. Valentine's ownership interest were genuine, the car would not be subject to forfeiture.
We therefore find that Mrs. Valentine's interest is not subject to forfeiture pursuant to A.R.S. § 13-4304(3). Accordingly, we reverse the trial court and direct it to enter an order returning the vehicle to Mrs. Valentine.
CONTRERAS, P.J., and McGREGOR, J., concur.
NOTES
[1] After the forfeiture action which is the subject of this appeal, Ms. Occhino was indicted by the State Grand Jury on nine felony charges.
[2] Arizona Revised Statutes § 13-2314(D) specifies orders that may be entered by the trial court to prevent, restrain or remedy racketeering following a determination of liability. At the time of this forfeiture proceeding, Ms. Occhino had not been tried on the racketeering charges brought against her by the state. Although neither party raised this point on appeal, it appears from the record that the trial court should have based its determination that the car was subject to forfeiture on A.R.S. § 13-4311(L).
[3] One 1965 Ford Mustang held that an automobile may not be forfeited unless the owner had some connection with the unlawful act, or intended to permit the automobile to be used by a third person in the commission of the unlawful act, or had knowledge it was to be so used. 105 Ariz. at 300, 463 P.2d at 834. As the state points out, the court relied on A.R.S. § 36-1041, which was repealed in 1979. The statute that replaced § 36-1041, § 13-106, incorporated concerns for the rights of innocent owners. See In re 1979 Dodge Van, 150 Ariz. 25, 26, 721 P.2d 683, 684 (App. 1986). Section 13-106 has since been repealed. Its language, however, was similar to the current "innocent owner" statute, § 13-4304(3). Section 13-106 provided that:

[T]he court shall order the property restored or transferred to the claimant, if any, who proves, by a preponderance of the evidence, all of the following:
1. The claimant is the lawful owner or is otherwise entitled by law to ownership due to enforcement of a civil proceeding.
2. The claimant's possession, use or other act is or was lawful.
3. The unlawful possession, use or other act upon which forfeiture is sought was without the consent of the claimant.
[4] Arizona's concern for the rights of innocent owners is evidenced by § 13-4304(3) which only requires proof that the owner or interest holder had no knowledge of the act or omission giving rise to forfeiture. Some federal cases require the owner or interest holder to also prove that he or she did all that could be reasonably expected to prevent the proscribed use of the property. Calero-Toledo, 416 U.S. at 689-90, 94 S.Ct. at 2094-95; United States v. One 1982 Chevrolet Crew-Cab Truck, 810 F.2d 178, 183 (8th Cir.1987).