845 P.2d 465

**Donald Lee FITZGERALD, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Gregory H. Martin, a judge thereof, Respondent Judge,**

**The STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 91–273.

Court of Appeals of Arizona, Division 1, Department B.

April 14, 1992.

Reconsideration Denied Feb. 12, 1993.

---

5. Having so decided, we do not address Petitioners' retroactivity argument.

**542**

Dean W. Trebesch, Maricopa County Public Defender by Karen M. Noble, Deputy Public Defender, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for real party in interest.

## OPINION

JACOBSON, Judge.

Petitioner Donald Lee Fitzgerald (defendant) seeks special action review of the trial court's denial of his motion to dismiss four criminal drug and weapons charges because of principles of double jeopardy and collateral estoppel that are allegedly applicable because of a previous civil forfeiture proceeding. The issue presented is whether a finding in the forfeiture action, that defendant was not engaged in any illegal activity regarding the seized items, precludes the state from bringing a subsequent criminal action based on defendant's possession and use of those items. We hold that although the criminal prosecution does not subject defendant to double jeopardy, the state is collaterally estopped from prosecuting defendant on two of the four criminal charges as a result of the facts litigated in the forfeiture action.

### Factual and Procedural Background

On January 10, 1991, police executed a search warrant at defendant's home, based on probable cause to believe they would find cocaine. During the search, police found no cocaine, but seized the following items: a small plastic baggie containing marijuana, three prescription Tylenol III tablets containing codeine, a grinder-sifter apparatus and two scales of the type commonly used to process drugs (paraphernalia), two loaded guns in holsters, and $855 in cash in defendant's wallet.

On January 15, 1991, defendant was charged with the following crimes: Count I, possession of a narcotic drug (the Tylenol III tablets), a class 4 felony, in violation of A.R.S. § 13–3408; Count II, possession of marijuana, a class 6 felony, in violation of A.R.S. § 13–3405; Count III, possession of drug paraphernalia, a class 6 felony, in violation of A.R.S. § 13–3408; and Count IV, misconduct involving weapons, a class 4 felony, in violation of A.R.S. § 13–3102.

On May 13, 1991, prior to trial on the criminal charges, the state filed a civil complaint for *in rem* forfeiture of the guns, the $855 in currency, and the paraphernalia, pursuant to A.R.S. § 13–4311. The complaint alleged that there was probable cause to believe these items were used or intended to be used to facilitate the commission of racketeering offenses and drug offenses, and that the items were subject to forfeiture pursuant to A.R.S. § 13–2314 and A.R.S. § 13–3413, as well as A.R.S. § 13–4301 *et seq*. The complaint did not seek forfeiture of the Tylenol III tablets or the marijuana.

Defendant filed a claim to the property in the forfeiture action, and the court set a hearing pursuant to A.R.S. § 13–4310, at which defendant represented himself. The state presented evidence that the paraphernalia seized was of the kind commonly used to process illegal drugs sales, that the denominations of currency found on defendant's person were consistent with illegal drug sales, and that guns were commonly kept at places where drug transactions were occurring. Defendant testified that he obtained the money from his parents, that he owned the guns legally for protection in a bad neighborhood, that he found the paraphernalia in a car he had purchased for parts two years prior to the search, that the Tylenol III tablets were his brother's legal prescription medication, and that he did not know how the marijuana came to be in his home or who owned it. After taking the matter under advisement, the court issued its order on September 6, 1991, making the following relevant findings and conclusions:

1. The State met its initial burden of showing the existence of probable cause

for forfeiture of the property in question mainly on circumstantial evidence.

2. Claimant has no ownership interest in the three Tylenol III tablets which were seized on January 10, 1991. Therefore, Claimant has no claim to that item and no interest to forfeit.

3. The $855.00 seized on January 10, 1991, was given to Claimant by Doris Fitzgerald and was not the proceeds of any illegal activity.

4. Claimant has proven by a preponderance of the evidence that Claimant's interest in the Taurus .357 magnum revolver, Strum Ruger .22 caliber semi-automatic pistol, Acculab digital scale, plastic gram scale and grinder/sifter apparatus is not subject to forfeiture. It is not illegal to possess or use any of those items. The evidence presented by Claimant is sufficient to rebut the circumstantial evidence of wrongdoing presented by the State. *Considering all the evidence presented, the Court finds and concludes that Claimant was not engaged in racketeering or a narcotics offense and that these items were not used to perpetrate, aid or facilitate any illegal activity.* Therefore, these items are not subject to forfeiture.

. . . .

(Emphasis added). *In the Matter of Eight Hundred Fifty–Five Dollars ($855.00) United States Currency, et al.,* CV–91–02699, Maricopa County Superior Court, Gary E. Donahoe, Judge *Pro Tem,* September 6, 1991, minute entry at 1.

The court ordered the above items returned to defendant, "subject to any prior order or hold on those items as evidence" in the criminal action, CR 91–02136. The state did not appeal from this judgment, and it became final.

On September 13, 1991, defendant filed a motion to dismiss the criminal action on the grounds of double jeopardy and collateral estoppel, arguing that the same issues litigated in the forfeiture action regarding his knowledge or intent in possessing the items were being raised by the criminal charges, and that the state intended to use as evidence in his criminal trial the property al-

ready determined in the forfeiture action not to be involved in any criminal wrongdoing. The state responded that no double jeopardy would occur from the criminal proceeding because the forfeiture action was civil in nature, and did not involve an "acquittal" in a prosecutorial setting. The state also contended that the forfeiture court had no jurisdiction to try defendant on the underlying crime; thus, because his guilt or innocence was not an issue of fact actually litigated in that court, no collateral estoppel consequences could flow to the criminal action from the forfeiture court's findings. After a hearing, the court denied the motion to dismiss the criminal charges, and defendant brought this special action.

### Special Action Jurisdiction

 The state argues that we should not accept special action of defendant's petition because he has an equally plain, speedy, and adequate remedy by appeal after conviction. *See* Rule 1(a), Arizona Rules of Procedure for Special Actions. However, as we have previously pointed out, special action is an appropriate procedural vehicle when a criminal defendant has raised an issue prior to prosecution about whether that prosecution will violate his constitutional protection against double jeopardy, because double jeopardy protects not only against convictions but also against multiple prosecutions. *Nalbandian v. Superior Court,* 163 Ariz. 126, 130, 786 P.2d 977, 981 (App.1989). We therefore accept special action jurisdiction.

### Double Jeopardy

Defendant first argues that his criminal prosecution will place him twice in jeopardy for the same offense. The double jeopardy clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amend. 5. This constitutional provision is enforceable against the states through the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). *See also* Ariz. Const. art. 2, sec. 15.

■ The double jeopardy clause has been interpreted to provide three types of protection: (1) against a second prosecution for the same offense after an acquittal; (2) against a second prosecution for the same offense after conviction; and (3) against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The first two protections are against multiple prosecutions while the third protection is against multiple punishments. In the area of multiple prosecutions, the United States Supreme Court has adopted several tests to determine when double jeopardy occurs. First, if the offenses in two prosecutions have identical statutory elements or if one is a lesser included offense of the other, the second prosecution will be barred by reason of double jeopardy. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Second, in order to establish an essential element of the offense, if the second prosecution requires proof of the same conduct that constituted the offense for which the accused has already been prosecuted, double jeopardy prevents the second prosecution. *Grady v. Corbin*, 495 U.S. 508, 520, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990). Thus, a multiple prosecution challenge must show that either the "identical elements test" or the "same conduct test" has been violated.

■ In the area of multiple punishments, the United States Supreme Court has adopted other tests to determine whether double jeopardy applies. First, whether both punishments are criminal in nature can be determined by examining the legislative intent of a statutory remedy as either punitive or remedial, and then by examining whether the punitive effect negates a remedial purpose. *United States v. Ward*, 448 U.S. 242, 248, 100 S.Ct. 2636, 2642, 65 L.Ed.2d 742 (1980). Even if the sanction is a remedial and civil one in nature, however, it may place an accused in double jeopardy if the sanction bears no rational relationship to the government's remedial goals of recovering the actual damages suffered and expenses incurred in investigating and prosecuting the infraction. *United States v. Halper*, 490 U.S. 435, 448, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989).

■ This area of the law is fraught with confusion, and continues to produce a "deluge of double jeopardy claims in Arizona trial and appellate courts." *Taylor v. Sherrill*, 169 Ariz. 335, 338, 819 P.2d 921, 924 (1991); *see also* Novak, Edward F., *Parallel Proceedings and Double Jeopardy Implications*, Arizona Attorney, Vol. 28, No. 3, Nov. 1990 at 21. We need not add to this deluge in this case for we have determined, as an initial matter, that this is not a "multiple punishment" case involving the analysis utilized in *United States v. Halper*.[1] Defendant is not contending that any sanction imposed in the civil forfeiture proceedings constituted "punishment" that would preclude the state from seeking a criminal sanction against him in a subsequent prosecution. Indeed, defendant prevailed in the forfeiture action, and recovered his property. Thus, we do not need to determine under the analysis of *Halper*, whether civil forfeiture of a defendant's property could constitute a "punishment" precluding criminal prosecution for possession and use of the property. Our analysis is confined to the "multiple prosecution" area of double jeopardy jurisprudence.

In *Grady v. Corbin*, the Supreme Court established that even if multiple prosecutions survive the *Blockburger* "identical elements" test, they still may be violative of double jeopardy if the second prosecution is based on the same conduct for which a defendant was already prosecuted. 495 U.S. at 520, 110 S.Ct. at 2093. As the Arizona Supreme Court has recently pointed out, "The key element of *Grady* is the Court's underlying assumption that the initial proceedings were in fact a 'prosecution'." *Taylor v. Sherrill*, 169 Ariz. at 340, 819 P.2d at 926. In *Grady*, the defendant pleaded guilty to a misdemeanor in justice court, and was then indicted for felonies based on the same conduct. In *Taylor*, however, the first proceeding involved a

---

**1.** In his pleadings, defendant concedes, "This is not a case of multiple punishments."

civil traffic violation, noncriminal in nature, which the court found not to be a "prosecution" for double jeopardy purposes. *Id.* Thus, the *Taylor* court held, that although "*Grady* is a significant addition to double jeopardy jurisprudence, ... [*Grady*] applies only when the conduct at issue has been charged and tried in a prior prosecution." *Id.* at 340, 819 P.2d at 926.

The parties in this case do not dispute that although the forfeiture and criminal proceedings do not involve proof of the same elements, they do overlap on the issue of defendant's conduct involving the seized items. Thus, although the "same conduct" is potentially involved in both proceedings,[2] the question is whether the prior forfeiture proceeding constituted a "prosecution" that would preclude the criminal action against defendant as double jeopardy under *Grady.*

▇ For the same reasons utilized by the *Taylor* court, we find *Grady* inapplicable to this case because the forfeiture action did not constitute a "prosecution" in the constitutional sense of double jeopardy jurisprudence. The United States Supreme Court has recognized that civil forfeiture does not constitute a "criminal trial" that would implicate the double jeopardy clause. *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 236, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972). In a forfeiture action, the state proceeds against the property, not its owner, and the court has no *in personam* jurisdiction to criminally convict the owner of any wrongdoing, or to impose a fine. *See United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 364, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984). If a defendant is not "put to trial before the trier of facts," no jeopardy attaches. *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). We conclude, therefore, that the civil forfeiture proceeding did

not constitute a "prosecution" that would implicate double jeopardy at defendant's criminal trial.

We acknowledge that this court has previously determined that forfeiture proceedings are "quasi-criminal" and potentially punitive in effect, even though civil in nature. *See State v. Nineteen Thousand Two Hundred and Thirty-Eight Dollars ($19,238.00) in United States Currency,* 157 Ariz. 178, 182, 755 P.2d 1166, 1170 (App.1987); *One 1974 Mercedes–Benz v. State,* 121 Ariz. 549, 551, 592 P.2d 383, 385 (App.1979). However, that observation was made in the context of the "multiple punishment" area of double jeopardy inquiry rather than in a multiple prosecution context. The "multiple punishment" analysis required by *Halper* inherently applies only in situations where either a defendant's property has been actually forfeited prior to a criminal prosecution or where a defendant has been criminally punished prior to forfeiture. *See e.g., Ex Parte Rogers,* 804 S.W.2d 945 (Tex.App.1990) (civil forfeiture prior to criminal prosecution held not to constitute multiple punishment under *Halper* because not punitive in purpose or intent); *United States v. U.S. Fishing Vessel Maylin,* 725 F.Supp. 1222 (S.D.Fla.1989) (civil forfeiture after criminal prosecution was not punishment under *Halper* because value of boat rationally compensated government); *State v. Casalicchio,* 58 Ohio St.3d 178, 569 N.E.2d 916 (1991) (forfeiture of automobile, as additional criminal penalty sought after sentencing, violated double jeopardy under *Halper* as multiple punishment). As previously pointed out, this case does not involve an examination of the effect of any punishment flowing from the forfeiture proceeding because the defendant prevailed.[3]

Because we hold that the forfeiture action was not a "prosecution" to which jeopardy attached, the trial court did not err in

---

2. The forfeiture action involved the question whether defendant's property was "used or intended for use" in a drug offense, A.R.S. § 13–3413(A), while the criminal charges involved the question whether defendant possessed, with intent to use during a drug offense, drug paraphernalia or weapons, A.R.S. §§ 13–3408, –3102.

3. The fact that defendant had to contest the forfeiture proceedings did not constitute a "punishment" for double jeopardy purposes. *See, e.g., Ex Parte Rogers, supra.*

denying defendant's motion to dismiss the criminal prosecution on double jeopardy grounds.

### Collateral Estoppel

Defendant also contends that, even if the attempted criminal prosecution does not constitute double jeopardy, the state is collaterally estopped from bringing criminal charges based on the same facts that were litigated in the forfeiture proceedings. The state responds that, because defendant's guilt or innocence on the criminal charges were not ultimate issues of fact actually litigated in the forfeiture proceeding, collateral estoppel does not apply.

The judicial rule of collateral estoppel can be generally stated as follows: When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *State v. Stauffer*, 112 Ariz. 26, 536 P.2d 1044 (1975). The doctrine has common law roots, and was developed to prevent a waste of judicial resources in litigating already determined matters. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

We have recognized that common law collateral estoppel may flow from a civil case to a criminal prosecution. *State v. Walker*, 159 Ariz. 506, 509, 768 P.2d 668, 671 (App.1989), *citing People v. Sims*, 32 Cal.3d 468, 186 Cal.Rptr. 77, 651 P.2d 321 (1982). Collateral estoppel may apply even when double jeopardy does not. *Walker*, 159 Ariz. at 508–09, 768 P.2d at 670–71.

In order to collaterally estop the state from proceeding in the criminal prosecution, defendant must show that the civil forfeiture proceeding and the criminal prosecution meet the following elements of collateral estoppel: (1) the same parties were involved in both actions, *see Ashe;* (2) the party against whom the earlier decision is asserted had a "full and fair opportunity" to litigate the issue involved, *see Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 480–81, 102 S.Ct. 1883, 1897, 72

L.Ed.2d 262 (1982); (3) the same issue of ultimate fact is to be litigated in the criminal proceeding as was determined in the civil action, *see Ashe;* and (4) the previous judgment is valid and final, *id.*

It is well established that defendant, as a claimant in the forfeiture proceeding, was a "party" to that action along with the state, even though forfeiture is essentially an *in rem* proceeding. *See In re One 1974 Mercedes Benz*, 121 Ariz. 549, 552, 592 P.2d 383, 386 (App.1979) (sufficient mutuality of parties between state and criminal defendant who was claimant in forfeiture action to satisfy collateral estoppel); *State v. Nineteen Thousand Two Hundred and Thirty-Eight Dollars ($19,238.00) in United States Currency*, 157 Ariz. 178, 181, 755 P.2d 1166, 1169 (App.1987) (fact that forfeiture is an *in rem* proceeding does not negate a claimant's status as a party because he retained right to control proceedings, make a defense, present evidence, and appeal). Defendant therefore has established the first element of collateral estoppel, mutuality of parties.

Regarding the second element, we find no question that the state had the opportunity in the forfeiture action to fully and fairly litigate the issue regarding defendant's conduct and intent in possessing the guns and drug paraphernalia. In fact, the state bears the burden of proof on this issue. In this case, the timing of the forfeiture action was at the state's discretion; it could have filed the civil complaint before or after the criminal prosecution. If it had proceeded on the criminal complaint prior to the forfeiture and prevailed, the state would have had the conviction of a predicate offense to establish defendant's wrongdoing. *See* A.R.S. § 13–4310(C), § 13–4311. However, the state chose to proceed with the forfeiture action first, requiring it to show by a preponderance of the evidence that the predicate criminal conduct existed. *See* A.R.S. § 13–4311(G) and (H). Furthermore, forfeiture, unlike civil traffic proceedings, is not a summary procedure that would be impaired by requiring the state to ascertain the potential-

ly criminal conduct involved. *See In re Dennis B.*, 18 Cal.3d 687, 135 Cal.Rptr. 82, 88, 557 P.2d 514, 520 (1976). Forfeiture can be considered an additional penalty for the criminal offense; otherwise, it could constitute the taking of property without due process of law. *In re One 1965 Ford Mustang*, 105 Ariz. 293, 299, 463 P.2d 827, 833 (1970). Under these circumstances, we find the state had the opportunity to fully and fairly litigate defendant's criminal conduct, at least to the extent of establishing it by a preponderance of the evidence, in the forfeiture proceeding. *Cf. State v. Walker*, 159 Ariz. at 509–10, 768 P.2d at 671–72 (in civil traffic proceedings, state does not have right to conduct civil proceeding as it would in criminal court, and is not responsible for developing the record). We therefore find the second element of collateral estoppel present in this case as well.

■ The question whether the same issue of ultimate fact was involved in both proceedings is more difficult and requires an examination of the elements and the state's burden of proof involved in each proceeding. We first note that two of the criminal counts—possession of a narcotic drug (the Tylenol III tablets), and possession of marijuana—involve issues of defendant's alleged wrongdoing that were not litigated in the forfeiture proceeding because the state did not seek forfeiture of those items and defendant did not claim an ownership interest in either of the drugs seized from his residence.[4] Thus, collateral estoppel would not preclude the state from prosecuting defendant on those counts, because no common issue of ultimate fact exists between the civil and the criminal actions. We therefore hold that the state is not collaterally estopped from prosecuting defendant criminally on those two counts.

■ The remaining two criminal counts, however, involve common issues to those

litigated in the forfeiture proceeding. Under the forfeiture statutes involved, the state had the burden of establishing that the subject property was "used or intended for use" in violation of Chapter 39 of title 13, A.R.S. §§ 13–4301 *et seq.* A.R.S. § 13–3413(A)(1). Additionally, the state could show the property was "acquired or maintained" in violation of A.R.S. § 13–2312, for purpose of racketeering. A.R.S. § 13–2314(D)(6). The state has the initial burden of showing probable cause for the forfeiture of the property; claimant then has the burden of showing by a preponderance of the evidence that claimant's interest is not subject to forfeiture. A.R.S. § 13–4311(K). The standard of proof in forfeiture actions is preponderance of the evidence, a lesser burden than the reasonable doubt standard required for a conviction of the underlying criminal offense. *See, e.g.*, A.R.S. § 13–2314(J). In the criminal action, the state would be required to prove beyond a reasonable doubt the elements of the four counts defendant has been charged with. In order to convict defendant in the criminal proceedings of possession of drug paraphernalia, the state must prove, beyond a reasonable doubt, that defendant knowingly used or possessed with intent to use that equipment for the purpose of manufacturing a narcotic drug. A.R.S. §§ 13–3408(A)(3), 13–3415. In order to convict defendant of misconduct involving weapons, the state must prove that defendant knowingly used or possessed a deadly weapon during the commission of a felony drug offense, alleged in this case to be possession of the drugs and paraphernalia. A.R.S. §§ 13–3102(A)(8), 13–3408. However, in the forfeiture proceeding, the court made the following determination regarding defendant's use and intent regarding both the weapons and the paraphernalia, based upon a lesser statutory proof than the state must bear in the criminal proceeding:

---

**4.** We note that the court made a finding in the forfeiture action that defendant had "no ownership interest" in the three Tylenol III tablets seized. However, the state did not seek forfeiture of that item and claimant did not contest the seizure of the drugs. That finding therefore was not essential to a resolution of the issues before the forfeiture court and therefore would not bind the state in the subsequent criminal action regarding defendant's "possession" of those drugs. The marijuana was not at issue in the forfeiture proceeding.

Considering all the evidence presented, the Court finds and concludes that Claimant was not engaged in racketeering or a narcotics offense and that these items were not used to perpetrate, aid or facilitate any illegal activity.

In our opinion, this finding—that defendant had proven by the preponderance of the evidence that his possession and use of the guns and the paraphernalia was not for any criminal activity—would preclude the state from establishing the identical issues regarding defendant's intent and use of these items necessary to prove the criminal charges by the greater burden of beyond a reasonable doubt. Defendant has therefore established, as to those two counts, the third element of collateral estoppel in this case.

As to the fourth and final element, there is no doubt in this case that the forfeiture judgment is valid and final. The state did not appeal from that judgment, and could not, under these circumstances, collaterally attack its result in the criminal proceeding, even if that judgment was erroneous or based on a mistake of law.[5] *Cox v. MacKenzie,* 70 Ariz. 308, 219 P.2d 1048 (1950). We therefore conclude that the state is collaterally estopped by the forfeiture judgment from prosecuting defendant on the criminal charges of misconduct involving weapons and possession of drug paraphernalia. The state is not collaterally estopped, however, from proceeding against defendant on criminal charges of possession of a narcotic drug and possession of marijuana. The previously ordered stay of the criminal proceedings is dissolved.

5. The trial court apparently allowed the state to collaterally attack the forfeiture judgment by concluding that "the Commissioner went further than he should regarding his findings. He actually litigates the issues in the criminal case.... So, in effect, in this forfeiture hearing, he's litigating this Defendant's guilt or innocence.... He finds and concludes that the claimant, that is, the Defendant, was not engaged in racketeering or a narcotics offense and that these items were not used to perpetrate, aid or facilitate any illegal activity. Therefore, these items are not subject to forfeiture. He

For the foregoing reasons, we accept special action jurisdiction. Relief is granted in part, and denied in part.

CLABORNE and SHELLEY, JJ., concur.

goes clearly beyond the purpose of the forfeiture hearing."

We agree with defendant that whether the forfeiture judgment was right or wrong in its conclusions was not within the discretion of the trial court to reconsider. *See generally* Rule 16.1(d), Arizona Rules of Criminal Procedure. However, we disagree with the trial court that a finding regarding defendant's criminal use or intended use of these items was not essential to a determination whether forfeiture should occur.