870 P.2d 417

**In the Matter of PROPERTY, BUSINESS, AND BUILDING LOCATED AT 2120 S. 4TH AVENUE, LOT 16, BLOCK 8 OF RESUBDIVISION OF HOME ADDITION NO. 2, a subdivision of Pima County, Arizona, according to the map of record in the Pima County Recorder's Office in Book 6 of Maps and Plats Page 12.**

**No. 2 CA-CV 93-0054.**

Court of Appeals of Arizona, Division 2, Department A.

March 3, 1994.

Stephen D. Neely, Pima County Atty. by Thomas J. Rankin, Tucson, for the State/appellee.

Law Office of Fernando Fajardo by Fernando Fajardo, Tucson, for claimants/appellants.

Grant Woods, Atty. Gen. by Cameron H. Holmes, Phoenix, for amicus curiae the Atty. Gen.

## OPINION

FERNANDEZ, Judge.

Appellants David and Gloria Loya, husband and wife, appeal from an order forfeiting their business, the building, and the real property on which the business is located to the state. David Loya pled guilty to conspiracy to offer to sell marijuana. The state filed a civil, in rem forfeiture action pursuant to A.R.S. §§ 13–2314, 13–3413, and 13–4301 through 13–4315, seeking forfeiture of the Loyas' business, home, and vehicles. The Loyas filed a verified claim protesting forfeiture; the court denied forfeiture of the home

and vehicles. The Loyas contend that the forfeiture constitutes cruel and unusual punishment and double jeopardy. Gloria Loya also argues that the court erred in forfeiting her interest in the business.[1] We affirm.

David Loya met with undercover police officers and negotiated the sale of 100 pounds of marijuana at the price of $1,000 per pound. After the officers showed one of Loya's co-conspirators $100,000 as payment for the marijuana, Loya directed that the officer be shown the marijuana, which totaled 112 pounds. Thereafter, the police executed a search warrant, made arrests, and seized the marijuana, as well as documentary evidence. The meetings, negotiations, delivery of payment, and storage, inspection, and delivery of the marijuana all occurred on the business premises.

Gloria Loya did not testify at the forfeiture hearing. David Loya was called as a witness by the state. On direct examination, he testified that he was the sole owner of the business, that his wife never helped or had any input into the operation of the business, and that only he and his brother were authorized signers on the business bank account. On cross-examination by his own attorney, David testified that Gloria had an interest in the business and that she was married to him at the time the business property was purchased in 1986. Gloria Loya produced no evidence of what she knew or could reasonably have known of the conduct giving rise to the forfeiture. Appellants only called one witness, their financial expert.

## FORFEITURE OF WIFE'S INTEREST IN BUSINESS

David Loya concedes that his interest in the business property was properly forfeited; however, Gloria Loya argues that forfeiture of her interest was erroneous because she is an innocent owner. We disagree.

The state may commence a forfeiture action to forfeit all property used or intended for use in drug or narcotics violations. A.R.S. §§ 13–2314(F)(3), 13–3413(A)(1), 13–4301 through 13–4315; *In re One 1983 Toyota Silver Four-Door Sedan,* 168 Ariz. 399, 814 P.2d 356 (App.1991). Gloria argues that A.R.S. § 13–2314(B) is inconsistent with A.R.S. §§ 13–4301(3) and 13–4304(3) and that because they are criminal statutes, they "must be strictly construed, and any ambiguity must be resolved in favor of lenity." *United States v. Enmons,* 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379, 389 (1973). For purposes of construing a statute, we must determine and give effect to the legislative intent. A.R.S. § 13–104. In doing so, we will consider the words, context, subject matter, effects and consequences, spirit and reason of the law, and other acts in pari materia. *State v. McGriff,* 7 Ariz.App. 498, 441 P.2d 264 (1968). On review, we will construe provisions to harmonize rather than contradict one another "if sound reason and good conscience allow." *City of Mesa v. Salt River Project Agricultural Improvement & Power District,* 92 Ariz. 91, 98, 373 P.2d 722, 727 (1962).

A.R.S. § 13–2314(B) states in pertinent part:

> The Superior Court has jurisdiction to prevent, restrain, and remedy racketeering as defined by § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312 after making provision for the rights of all innocent persons affected by such violation and after hearing or trial, as appropriate, by issuing appropriate orders.

The statute, which was derived from 18 U.S.C. § 1964, lists a variety of remedies for racketeering in Arizona, most of which are civil in nature. 1 Rudolph J. Gerber, *Criminal Law of Arizona,* 2314–4 (2d ed. 1993). Gloria agrees that A.R.S. § 13–2314 empowers the court to fashion orders to remedy racketeering, taking into account the rights of innocent persons. She contends, however, that it is inconsistent to give the court such authority and then effectively cancel it in A.R.S. § 13–4304(3)(b) if the innocent person is the spouse of an owner or interest holder.

With the increased filing of forfeiture actions resulting from criminal cases, the legis-

1. Both David and Gloria raise this issue; only Gloria, however, has standing to raise it. Ariz. R.Civ.App.P. 1, 17B A.R.S.

lature created a new chapter in 1986 with statutes specifically related to forfeitures. A.R.S. Title 13, Chapter 39. 2 Gerber, *supra,* 4304–1. A.R.S. § 13–4301 defines the terms used in Chapter 39. A.R.S. § 13–4301(3) states:

> "Owner" means a person who is not a secured party within the meaning of § 47–9105 and who has an interest in property, whether legal or equitable.... An owner with power to convey property binds other owners, and a spouse binds his spouse, by his act or omission.

A.R.S. § 13–4304(3) specifically defines property subject to or exempt from forfeiture:

> No owner's or interest holder's interest may be forfeited under this chapter if the *owner* or *interest holder establishes all* of the following:
>
> (a) He acquired the interest before or during the conduct giving rise to forfeiture.
>
> (b) He did not empower any person whose act or omission gives rise to forfeiture with legal or equitable power to convey the interest, as to a bona fide purchaser for value, and he was not married to any such person or if married to such person, held the property as separate property.
>
> (c) He did not know and could not reasonably have known of the act or omission or that it was likely to occur.

(Emphasis added.)

There is no definition of who may be considered an "innocent" owner or interest holder. Rather, once an owner or interest holder is identified, that individual may invoke the protections from forfeiture provided in § 13–4304. As the state correctly points out, the burden is on the owner/claimant to establish that his or her interest in the property may not be forfeited. *In re 1977 Cessna 206,* 142 Ariz. 196, 688 P.2d 1088 (App.1984); *In re 1977 Honda Motorcycle,* 131 Ariz. 179, 639 P.2d 369 (App.1981).

The burdens of proof for establishing an exclusion are set forth in A.R.S. § 13–4311 as follows:

> K. The state has the initial burden of showing the existence of probable cause for forfeiture of the property. On such a showing by the state, the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture under this title.
>
> L. In accordance with its findings at the hearing, the court shall order an interest in property returned or conveyed to the claimant, if any, who has established by a preponderance of the evidence that the claimant has an interest which is property designated as not subject to forfeiture by § 13–4304. The court shall order all other property, including all interests in the property, forfeited to this state and proceed pursuant to §§ 13–4314 and 13–4315.

When a claimant introduces no evidence to meet his or her burden of proof, the government may obtain forfeiture solely on the basis of its showing of probable cause. *United States v. $5,644,540.00 in U.S. Currency,* 799 F.2d 1357 (9th Cir.1986).

There is nothing inconsistent in the relevant statutes. The court's power under A.R.S. § 13–2314(B) to determine the rights of all innocent persons is not unbridled. The legislature has clearly set forth the law and procedure which the court must apply to the facts in determining who is an innocent person. The state correctly points out that A.R.S. § 13–2314(B) is a general statute and that A.R.S. §§ 13–4301, 13–4304(3), and 13–4311(K) and (L) are specific statutes which control over the general. *City of Phoenix v. Superior Court,* 139 Ariz. 175, 677 P.2d 1283 (1984).

Gloria Loya was afforded an opportunity to show that she was an innocent person pursuant to A.R.S. §§ 13–2314(B), 13–4304(3), 13–4311(K) and (L). The hearing on the state's civil, in rem forfeiture action resulted in the court's finding that the state established probable cause for seizure and forfeiture of all the property seized. Upon the finding of probable cause, Gloria had the burden to show by a preponderance of the evidence that her property interest was not subject to forfeiture. She failed to do so.

It is clear from the record that Gloria presented no evidence that she was not married to David, that she held her interest as separate property, or that she did not know or could not reasonably have known of the conduct giving rise to the forfeiture. Thus, she failed to show that her property interest was exempt under A.R.S. § 13-4304(3). The list of exemptions is exclusive and controls the property rights of all claimants. *In re 1632 N. Santa Rita, Tucson,* 166 Ariz. 197, 801 P.2d 432 (App.1990). We conclude that the court properly applied the law to the facts before it, and there was no error.

Gloria Loya also argues that because she is an "innocent owner," only that portion of the property which David owns may be forfeited. Because we find that her interest in the business was properly forfeited, it is unnecessary to reach her proportionality issue.

### CRUEL AND UNUSUAL PUNISHMENT

The Loyas next argue that the forfeiture of the business violates the cruel and unusual punishment clause of the Eighth Amendment, relying on the recent United States Supreme Court case of *Austin v. United States,* 509 U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In *Austin,* the Supreme Court found that forfeiture under 21 U.S.C. § 881(a)(4) and (a)(7) could only be explained as punishment and was therefore a "fine." It remanded for a determination whether the forfeiture violated the Excessive Fines Clause of the Eighth Amendment. The forfeiture statutes involved in *Austin* were determined to constitute punishment because they were intended as penal by Congress.

In contrast, the Arizona legislature intended our statutes to be remedial in nature as reflected in A.R.S. § 13-2314(N), which provides:

> A civil action authorized by this section, including proceedings pursuant to chapter 39 of this title, is remedial and not punitive and does not limit and is not limited by any other previous or subsequent civil or criminal action under this title or any other provision of law. Civil remedies provided under this title are supplemental and not mutually exclusive.

Our courts have also held that the Arizona statutes are remedial. *Rhue v. Dawson,* 173 Ariz. 220, 841 P.2d 215 (App.1992); *In re One 1983 Toyota, supra.* Because forfeitures under Arizona law are remedial, we find *Austin* inapplicable to this case.

### DOUBLE JEOPARDY

The Loyas also contend the forfeiture of the business property violates the Double Jeopardy Clause of the Fifth Amendment. Because David concedes that his interest in the property is forfeitable, he has no double jeopardy claim. Since Gloria Loya was never prosecuted criminally, no jeopardy issue exists as to her claim.

**Affirmed.**

LIVERMORE, P.J., and LACAGNINA, J., concur.