927 P.2d 802

**The STATE of Arizona, Appellant,**

v.

**Jose Guadalupe MIRANDA–BELTRAN, Appellee.**

**No. 2 CA–CR 95–0572.**

Court of Appeals of Arizona,
Division 2, Department A.

April 30, 1996.

Reconsideration Denied May 16, 1996.

Review Denied Nov. 19, 1996.

M. Jan Smith–Florez, Santa Cruz County Attorney by Laurie A. Martin, Nogales, for Appellant.

William Rothstein, Nogales, for Appellee.

### OPINION

PER CURIAM.

The state appeals from the trial court's order dismissing the criminal charges against appellee on the ground of double jeopardy. For the reasons set forth below, we reverse and remand for further proceedings.

Appellee was stopped by law enforcement officers while driving his automobile, which contained 167 pounds of marijuana. He was charged with unlawful possession of marijuana for sale and unlawful transportation of marijuana for sale, both class two felonies. The state also seized the vehicle and instituted forfeiture proceedings. A.R.S. §§ 13–4301 to –4315. Although appellee was given notice of the proceedings, he neither filed a claim nor petitioned for remission or mitigation, and an order confirming the forfeiture was entered on June 19, 1995. A.R.S. § 13–4309. Appellee then moved for dismissal of

the criminal charges, arguing that prosecution and punishment based on the same conduct that gave rise to the forfeiture would violate the constitutional prohibition against double jeopardy. The trial court agreed and dismissed the charges.

The state opposed the motion in the trial court on the ground that the forfeiture was remedial in nature and not punitive. *See In re 2120 S. 4th Ave.*, 177 Ariz. 599, 870 P.2d 417 (App.1994). Relying on recent pronouncements of the United States Supreme Court and the Ninth Circuit, the trial court rejected this argument. *See United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *cert. granted*, — U.S. —, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996). On appeal, the state renews this contention but argues in addition that, because appellee abandoned any interest he had in the vehicle, he was not "punished" by its forfeiture, and double jeopardy would therefore not be violated by prosecuting him on the criminal charges. We agree and reverse.

 There appear to be no Arizona cases addressing this precise issue. The state relies on the Ninth Circuit's decision in *United States v. Cretacci*, 62 F.3d 307 (9th Cir.1995), *petition for cert. filed* (Feb. 13, 1996) (No. 95–7955), which was decided shortly before the trial court's order in this case. The defendant there was charged in two robberies, part of the proceeds of which were used by Cretacci to purchase a vehicle. While the charges were pending, Cretacci was notified that the federal government was seeking to forfeit the vehicle. As in this case, Cretacci filed neither a claim of interest nor a petition for remission or mitigation under the analogous federal statutes, and the vehicle was ordered forfeited to the government. The court of appeals affirmed the district court's denial of Cretacci's motion to dismiss a subsequent indictment including money laundering charges, concluding that Cretacci had "effectively abandoned" the car and therefore was not punished by the forfeiture. 62 F.3d at 310. We agree with the Ninth Circuit's reasoning.

Just as the seizure of abandoned property cannot be said to implicate the former owner's privacy rights, the forfeiture of abandoned property cannot be said to implicate the former owner's double jeopardy rights.

*Id.* at 310–11 (citations omitted). *See also United States v. Washington*, 69 F.3d 401 (9th Cir.1995). Other courts have reached a similar conclusion but reasoned that failure to participate in the forfeiture proceeding meant that "no determination of his personal culpability occurred [and] without risk of determination of guilt, jeopardy did not attach." *United States v. Walsh*, 873 F.Supp. 334, 337 (D.Ariz.1994). *See also United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994).

██ Appellee argues that the state is precluded from raising this issue on appeal because it did not raise it in the trial court. The same contention was made in *Cretacci* and rejected because the issue was purely one of law and because the defendant had suffered no prejudice from the omission. Here, as in *Cretacci*, the defendant's decision to abandon the property subject to forfeiture occurred before he filed his motion to dismiss the indictment. Not only was that decision not influenced by the government's failure to raise the issue, there was also nothing the defendant could have done to change the outcome had the issue been timely raised.

Whether appellee's nonparticipation in the forfeiture proceeding is viewed as an abandonment of his interest or as preventing jeopardy from attaching to that proceeding, we conclude that the trial court erred in dismissing the criminal charges on double jeopardy grounds. The trial court's order is vacated and the matter is remanded for further proceedings.