IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| In re | ) | 2 CA-CV 2002-0117 |
| | ) | DEPARTMENT A |
| ONE RESIDENCE AT 319 E. | ) | |
| FAIRGROUNDS DR., FAIRGROUNDS | ) | O P I N I O N |
| RESUB LOT 12 BLK 14, RECORDED IN | ) | |
| THE OFFICE OF THE PIMA COUNTY | ) | |
| RECORDER IN DOCKET 6969 AT PAGE | ) | |
| 938, INCLUDING ALL BUILDINGS, | ) | |
| FIXTURES, STRUCTURES, AND | ) | |
| APPURTENANCES THERETO. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20004100

Honorable John F. Kelly, Judge

AFFIRMED

---

Barbara LaWall, Pima County Attorney
  By Murdock E. Holloway
                                                   Tucson
Attorneys for Appellee

Michael L. Alegria
                                           Douglas
In Propria Persona

Terry Goddard, Arizona Attorney General
  By Cameron H. Holmes
                                         Phoenix
Attorneys for Amicus Curiae
State of Arizona

---

H O W A R D, Judge.

¶1        In this civil, in rem forfeiture action, the trial court entered summary judgment in favor of the State of Arizona and forfeited appellant Michael Alegria's interest in his house, in which police had found a large amount of drugs, several guns, and almost $15,000 in cash. On appeal, Alegria argues the trial court erred by allowing the state to exact an excessive fine and by granting summary judgment despite the existence of a genuine issue of material fact. Because we conclude the forfeiture was not unconstitutionally excessive and summary judgment was appropriate, we affirm.

## BACKGROUND

¶2        Appellant Michael Alegria was arrested on drug-related charges and was later convicted of possession of a narcotic drug for sale and possession of drug paraphernalia. The state filed a civil, in rem complaint pursuant to A.R.S. §§ 13-2301(D)(4), 13-2314(G), 13-3413, and 13-4301 through 13-4316, seeking forfeiture of Alegria's house, five guns, and $14,500 in cash. Alegria filed a claim pursuant to § 13-4311 asserting an interest only in the house. The state moved for summary judgment, arguing no issues of material fact existed and it was entitled by law to the forfeiture of Alegria's interest in the house. In response, Alegria argued forfeiture of his house would constitute an excessive fine under the Eighth Amendment to the United States Constitution. After a hearing on the motion for summary judgment, the trial court determined the state had shown by a preponderance of the evidence that the property was subject to forfeiture and that Alegria had failed to show that his interest in the property was exempt from forfeiture. *See* § 13-4311(M). The court therefore granted summary judgment for the state and forfeited Alegria's interest in the house pursuant to § 13-2314(G). Alegria filed a motion for reconsideration, which the trial court denied, and this appeal followed.

2

## DISCUSSION

### I. Jurisdiction

¶3      We first address the state's argument that we lack jurisdiction because Alegria failed to send a copy of his notice of appeal and opening brief to the attorney general as required by § 13-2314(M). As the state notes, this court had held this requirement to be jurisdictional. *In re 1988 Chevrolet 1/2 PU*, 186 Ariz. 419, 924 P.2d 109 (App. 1996). But, in *In re 6757 S. Burcham Ave.*, 204 Ariz. 401, 64 P.3d 843 (App. 2003), we overruled *1988 Chevrolet*. Agreeing with Division One's decision in *Pompa v. Superior Court*, 187 Ariz. 531, 931 P.2d 431 (App. 1997), we determined that, despite the failure of the appellant to serve the attorney general, this court had jurisdiction of the appeal and was empowered to determine the proper sanction for the appellant's failure to comply with the statute. *6757 S. Burcham Ave.*

¶4      We see no reason to depart from this holding. The attorney general, in an amicus curiae brief, argues that the attorney general has a substantive right to participate in the appeal.[1] Although that is true, the remedy allowed for an appellant's failure to serve the attorney general is not "an integral part of the right [to appeal] itself" and, therefore, is "solely procedural." *See Hinton v. Hotchkiss*, 65 Ariz. 110, 116, 174 P.2d 749, 753 (1946) (bar of cross-claims and counterclaims in forcible entry and detainer actions "an integral part of the right itself" and, therefore, "not solely procedural"). Accordingly, we have jurisdiction of this appeal. Moreover,

---

[1]The attorney general's office eventually did receive notice of this appeal and has since filed an amicus curiae brief, conceding that it suffered, at worst, "minimal" prejudice from the delay.

we decline to impose the sanction of dismissal for Alegria's failure to serve the attorney general in this case.

## II.  Application of the Eighth Amendment

¶5         Alegria first argues the trial court allowed the state to exact an excessive fine in violation of the Eighth Amendment by ordering forfeiture of his interest in his house.  *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").  Relying on *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993), and *United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998), Alegria contends the forfeiture of his house amounts to a punitive fine wholly out of proportion to the crimes for which he was convicted.  The state, however, argues the Eighth Amendment has no application to a civil, in rem forfeiture proceeding under § 13-2314(G), claiming the statute is remedial, and not punitive, in nature.  We review issues of statutory interpretation and constitutional claims de novo.  *Badia v. City of Casa Grande*, 195 Ariz. 349, ¶11, 988 P.2d 134, ¶11 (App. 1999).

### A.  Arizona's statutory framework

¶6         The trial court ordered forfeiture of Alegria's house pursuant to § 13-2314(G)(3), which authorizes the state to file a civil, in rem action for forfeiture of "[a]ll proceeds traceable to an offense included in the definition of racketeering . . . and all . . . other property used or intended to be used in any manner or part to facilitate the commission of the offense."  Under § 13-4304, all interests in property are subject to forfeiture unless the owner can establish that he or she is within the enumerated exemptions.  A trial court may grant summary judgment or, if there are contested facts, conduct a hearing to determine by a preponderance of the evidence

4

whether the property is subject to forfeiture and whether the owner's interest is within one of the exemptions. § 13-4311. In determining the amount of a forfeiture, a court may not consider any sanction imposed in a criminal case involving the same conduct, but shall consider the amount of injury to the state, which is broadly defined as the expenditure of public monies, the amount of money or value of other property that would "foreseeably be exchanged" for prohibited drugs, and the acquisition or gain of proceeds from any racketeering offense included in § 13-2301(D)(4). A.R.S. § 13-2318. And, the legislature has declared that any forfeiture under § 13-2314 is "remedial and not punitive." § 13-2314(L).

### B. *Austin* and *Bajakajian*

¶7        In *Austin*, the United States Supreme Court addressed the issue of whether the Eighth Amendment's prohibition of "excessive fines" applies to civil, in rem forfeiture actions under federal anti-drug laws. The Court stated that the pertinent question for purposes of an Eighth Amendment analysis is "not . . . whether forfeiture . . . is civil or criminal, but rather[,] whether it is punishment." *Austin*, 509 U.S. at 610, 113 S. Ct. at 2806, 125 L. Ed. 2d at 498. Analyzing the history of in rem forfeitures, the Court concluded that statutory in rem forfeitures have been traditionally understood, at least in part, as punishment. *Id.* at 618, 113 S. Ct. at 2810, 125 L. Ed. 2d at 503. Starting from the premise that in rem forfeitures are at least somewhat punitive, the Court then looked at the federal forfeiture statute under consideration to determine if anything in the statute contradicted that historical understanding. *Id.* at 619, 113 S. Ct. at 2810, 125 L. Ed. 2d at 503. It noted the presence of an "innocent owner" defense, stating that such an exemption served to make a forfeiture look "more like punishment, not less." *Id.* at 619, 113 S. Ct. at 2811, 125 L. Ed. 2d at 504. The Court further noted that Congress has tied forfeitures

5

directly to certain drug offenses and that the legislative history of the forfeiture statute confirmed it was intended to punish and deter crime. *Id.* at 620, 113 S. Ct. at 2811, 125 L. Ed. 2d at 504.

¶8 In rejecting the government's argument that forfeiture of a drug dealer's mobile home and automobile body shop was remedial and not punitive, the Court stated that, although forfeiture of contraband is remedial "because it removes dangerous or illegal items from society," real property itself is not dangerous or illegal and cannot properly be characterized as "'instruments' of the drug trade." *Id.* at 621, 113 S. Ct. at 2811, 125 L. Ed. 2d at 504-05. The Court also rejected the government's argument that, because the forfeiture statute had some remedial purpose, in that it helped to compensate the government for the costs of combating illegal drugs, the Court should find the Eighth Amendment inapplicable. *Id.* at 621, 113 S. Ct. at 2811-12, 125 L. Ed. 2d at 505. Instead, the Court held that a civil sanction that has any "'retributive or deterrent purposes . . . is punishment'" and is limited by the Eighth Amendment. *Id.* at 621-22, 113 S. Ct. at 2812, 125 L. Ed. 2d at 505-06, *quoting United States v. Halper*, 490 U.S 435, 448, 109 S. Ct. 1892, 1902, 104 L. Ed. 2d 487, 502 (1989), *overruled by Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997). It declined, however, to state a specific test for what constitutes an excessive forfeiture under the Eighth Amendment. *Id.* at 622-23, 113 S. Ct. at 2812, 125 L. Ed. 2d at 506.

¶9 The Supreme Court again addressed the Eighth Amendment in the context of forfeitures in *Bajakajian*. In *Bajakajian*, the Court concluded that in rem forfeitures were traditionally nonpunitive and "considered to occupy a place outside the domain of the Excessive Fines Clause." 524 U.S. at 331, 118 S. Ct. at 2035, 141 L. Ed. 2d at 327. The Court explained that traditional in rem forfeiture actions proceeded against the instrumentalities of crime, or the

6

"guilty property" itself, and "the conduct of the property owner was irrelevant." *Id.* at 330, 118 S. Ct. at 2034, 141 L. Ed. 2d at 326-27.

¶10 The Court, however, did not retreat from its holding in *Austin*, repeating that, if a forfeiture "constitutes punishment even in part, regardless of whether the proceeding is styled *in rem* or *in personam*," the Eighth Amendment applies. *Id.* at 331 n.6, 118 S. Ct. at 2035 n.6, 141 L. Ed. 2d at 328 n.6. And, the Court further stated, albeit in a footnote, that,

> [a]lthough the term "instrumentality" is of recent vintage, it fairly characterizes property that historically was subject to forfeiture because it was the actual means by which an offense was committed. "Instrumentality" forfeitures have historically been limited to the property actually used to commit an offense and no more. A forfeiture that reaches beyond this strict historical limitation is *ipso facto* punitive and therefore subject to review under the Excessive Fines Clause.

*Id.* at 333 n.8, 118 S. Ct. at 2036 n.8, 141 L. Ed. 2d at 328 n.8 (citations omitted). The Court then adopted a gross disproportionality standard for determining whether a forfeiture is excessive under the Eighth Amendment, instructing courts to "compare the amount of the forfeiture to the gravity of the defendant's offense." *Id.* at 336-37, 118 S. Ct. at 2037-38, 141 L. Ed. 2d at 331.

## C. Application in Arizona

¶11 As the state argues, Arizona courts have consistently held civil, in rem forfeiture actions to be remedial in nature. *See In re 2120 S. 4th Ave.*, 177 Ariz. 599, 603, 870 P.2d 417, 421 (App. 1994); *In re Ten Thousand Ninety-eight Dollars*, 175 Ariz. 237, 240, 854 P.2d 1223, 1226 (App. 1993); *In re One 1983 Toyota Silver Four-Door Sedan*, 168 Ariz. 399, 403, 814 P.2d 356, 360 (App. 1991). In *2120 S. 4th Avenue*, this court distinguished *Austin*, finding that, in

7

contrast to the federal forfeiture statutes at issue there, the "Arizona legislature intended our statutes to be remedial." 177 Ariz. at 603, 870 P.2d at 421.

¶12    All of these cases, however, preceded *Bajakajian* and did not have the benefit of its analysis of the Eighth Amendment's requirements. And the issue after *Austin* and *Bajakajian* is whether the forfeiture statute is *solely* remedial, without any retributive or punitive purposes. The court in *State v. Leyva*, 195 Ariz. 13, 985 P.2d 498 (App. 1998), engaged in just such an analysis and found that in personam forfeiture under § 13-2314 constitutes punishment, at least in part, and thus is subject to an Eighth Amendment review. Accordingly, we apply the *Austin* and *Bajakajian* analyses to in rem forfeiture under § 13-2314 to determine if it too has a punitive element.

¶13    If Alegria's house was an instrumentality of the crime, the forfeiture would be "outside the domain of the Excessive Fines Clause." *Bajakajian*, 524 U.S. at 331, 118 S. Ct. at 2035, 141 L. Ed. 2d at 327. We therefore examine that issue first. Alegria was convicted of possession of a narcotic drug for sale and possession of drug paraphernalia. The Court in *Austin* specifically rejected the argument that real property can be characterized as an instrument of the drug trade and, thus, like contraband, be automatically removed from Eighth Amendment scrutiny. 509 U.S. at 621, 113 S. Ct. at 2811, 125 L. Ed. 2d at 504-05. We see no distinction between the real property at issue here and the real property in *Austin*. Accordingly, we cannot find that the house was an instrumentality and, thus, beyond Eighth Amendment analysis.

¶14    We note that, under *Bajakajian*, forfeiture of anything other than an instrumentality of an offense is "*ipso facto* punitive and therefore subject to [Eighth Amendment] review." 524 U.S. at 333 n.8, 118 S. Ct. at 2036 n.8, 141 L. Ed. 2d at 328 n.8. However, because this

8

statement was dictum, and because of our prior case law, we will apply the other *Austin* and *Bajakajian* factors to determine if an in rem forfeiture pursuant to § 13-2314(G) constitutes punishment in any part. We therefore consider the statute's language and purpose, the circumstances under which it authorizes forfeiture, and its legislative history. *See Austin*, 509 U.S. at 619-20, 113 S. Ct. at 2810-11, 125 L. Ed. 2d at 503-04; *see also Bajakajian*, 524 U.S. at 331-32, 118 S. Ct. at 2035, 141 L. Ed. 2d at 327-28.

¶15 Although the legislature has expressly declared that Arizona's in rem forfeiture statutes are remedial, *see* § 13-2314(L), such a declaration is "merely one factor to be considered under *Austin*." *Leyva*, 195 Ariz. 13, ¶14, 985 P.2d 498, ¶14. The statute's purpose is another factor. In its amicus brief, the attorney general admits that § 13-2314(G) is "useful to remedy and prevent crime" and explains that civil forfeiture has "as its . . . goal[] cessation of the damaging conduct [of racketeering]." And, in *Leyva*, the court acknowledged the state's submission of "voluminous documents . . . to prove that [forfeiture] is essential to the state's efforts to combat criminal racketeering activities," finding this constituted a "recognition" by the state that traditional penalties are inadequate to punish and deter the illegal drug trade. 195 Ariz. 13, ¶16, 985 P.2d 498, ¶16. Additionally, this court has found that "[a]mong the aims of the forfeiture laws [is] . . . deterrence of illegal activities." *In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶11, 32 P.3d 39, ¶11 (App. 2001). Because § 13-2314(G) has a deterrent purpose, it is not solely remedial. *See Austin*, 509 U.S. at 621, 113 S. Ct. at 2812, 125 L. Ed. 2d at 505.

¶16 Further, just as the federal statute in *Austin* did, § 13-2314(G)(3) directly relates forfeiture to the commission of a crime by allowing forfeiture of "[a]ll proceeds traceable to an offense included in the definition of racketeering . . . and all . . . other property used or intended

9

to be used in any manner or part to facilitate the commission of the offense." The legislature has thus demonstrated at least some punitive intent by tying forfeiture to racketeering crimes. *See Austin*, 509 U.S. at 620, 113 S. Ct. at 2811, 125 L. Ed. 2d at 504 (linking forfeiture to specific drug offenses evidence that Congress intended it as punishment); *see also Leyva*, 195 Ariz. 13, ¶15, 985 P.2d 498, ¶15 (finding forfeiture under § 13-2314 "tied directly to . . . criminal offenses").

¶17      Moreover, although the attorney general claims otherwise, § 13-4304(4) does include a type of "innocent owner" defense to forfeiture:

> No owner's or interest holder's interest may be forfeited under this chapter if the owner or interest holder establishes all of the following:
>
> (a) He acquired the interest before or during the conduct giving rise to forfeiture.
>
> (b) He did not empower any person whose act or omission gives rise to forfeiture with legal or equitable power to convey the interest, as to a bona fide purchaser for value, and he was not married to any such person or if married to such person, held the property as separate property.
>
> (c) He did not know and could not reasonably have known of the act or omission or that it was likely to occur.

*See also In re 4030 W. Avocado*, 184 Ariz. 219, 220, 908 P.2d 33, 34 (App. 1995) (referring to § 13-4304(4) as an "innocent owner" defense); *but see Leyva*, 195 Ariz. 13, ¶15, 985 P.2d 498, ¶15 ("[L]ack of an 'innocent owner' defense [to § 13-2314] weighs in favor of finding that the forfeiture statute is non-punitive . . . ."). These exemptions, although not identical to the innocent owner defense discussed in *Austin*, do focus on the property owner's knowledge of an act or omission giving rise to forfeiture. The culpability of the property owner may therefore be a factor

in determining whether forfeiture is appropriate, even though the state is not required to show "who the wrongdoers are, nor that any wrongdoer has an interest in the property." *4030 W. Avocado*, 184 Ariz. at 222, 908 P.2d at 36. As in *Austin*, this makes the statute "look more like punishment, not less." 509 U.S. at 619, 113 S. Ct. at 2811, 125 L. Ed. 2d at 504. We thus conclude the exemptions of § 13-4304(4) favor a finding that Arizona's civil in rem forfeiture scheme is at least partially punitive.

¶18 Finally, § 13-2314 allows wide variations in the value of property forfeited, with no correlation between a defendant's offense, the state's prosecution expenses, and the amount forfeited. Thus, forfeiture does not constitute reasonable liquidated damages to the state or a fair system of compensation for its efforts to fight crime, both remedial purposes recognized by *Austin*. 509 U.S. at 620-21, 113 S. Ct. at 2811-12, 125 L. Ed. 2d at 504-05; *see also Leyva*, 195 Ariz. 13, ¶18, 985 P.2d 498, ¶18. Nor does § 13-2318 so limit forfeitures under § 13-2314. Because §13-2314 is not limited to such remedial purposes, we again conclude that it has punitive aspects, favoring an Eighth Amendment review of in rem forfeitures pursuant to § 13-2314.

¶19 Therefore, because Alegria's house was not the instrument of his crime, and because § 13-2314(G) has both retributive and deterrent aspects, we find that the civil, in rem forfeiture of his house was punishment, at least in part. *See Leyva*, 195 Ariz. 13, ¶23, 985 P.2d 498, ¶23 (finding in personam forfeiture under § 13-2314 to be punishment for purposes of the Eighth Amendment). Alegria was thus entitled to a determination of whether the forfeiture of his house was unconstitutionally excessive under the Eighth Amendment.[2]

---

[2]Our conclusion that civil in rem forfeiture is punishment for purposes of the Eighth Amendment in no way implicates the double jeopardy clause of the Fifth Amendment. A forfeiture may be subject to review for excessiveness under the Eighth Amendment without being

### D. Proportionality review

¶20 "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Bajakajian*, 524 U.S. at 334, 118 S. Ct. at 2036, 141 L. Ed. 2d at 329. We review the proportionality of a punitive forfeiture de novo. *Id.* at 336, 118 S. Ct. at 2037, 141 L. Ed. 2d at 331.

¶21 In its proportionality review in *Bajakajian*, the Court engaged in a case-specific analysis of whether forfeiture of the particular defendant's property was grossly disproportional to that defendant's crime. The Court examined the nature and extent of the defendant's crime, the surrounding circumstances and relationship to other illegal activities, the harm caused, and the maximum sentence and fine under the appropriate sentencing guidelines. *Id.* at 337-40, 118 S. Ct. at 2038-39, 141 L. Ed. 2d at 331-33; *see also United States v. 3814 NW Thurman St.*, 164 F.3d 1191, 1197-98 (9th Cir. 1999) (listing factors to consider in conducting proportionality review of forfeiture under *Bajakajian*). And one federal court has stated that, "if the value of forfeited property is within the range of fines prescribed by [the legislature], a strong presumption arises that the forfeiture is constitutional." *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1309 (11th Cir. 1999).

¶22 As previously noted, Alegria was convicted of possession of a narcotic drug for sale and possession of drug paraphernalia. The minute entry of his criminal bench trial shows that the police found a substantial amount of cocaine at Alegria's house, along with scales, latex gloves, and plastic bags. Also seized at the house, and forfeited without a claim from Alegria, were five

---

so punitive that it constitutes punishment for purposes of double jeopardy. *United States v. Ursery*, 518 U.S. 267, 287, 116 S. Ct. 2135, 2147, 135 L. Ed. 2d 549, 567 (1996).

guns and $14,500 in cash. Such a stockpile reflects substantial involvement in the illegal drug trade. For possession of a narcotic drug for sale, a class two felony, Alegria faced a maximum prison term of ten years and a fine of up to $150,000 plus surcharges. *See* §§ 13-701, 13-702, 13-801, 13-3408. The legislature thus considers possession of a narcotic drug for sale a very serious crime.

¶23          In its forfeiture complaint, the state alleged the total value of the house, the guns, and the cash was $50,650. Alegria has not disputed this amount and has not provided any valuation of his home, other than claiming that his grandmother gave it to him and that his wife and children need a "place to stay." Comparing $50,650 to Alegria's offense de novo, we conclude that the forfeited amount (or value) is not grossly disproportional to the crime committed. Alegria possessed a large amount of drugs and cash and was clearly involved in the drug trade. He was subject to a maximum fine of $150,000; the total forfeiture amounts to little more than a third of that amount. Thus, the forfeiture of Alegria's house, although subject to review under the Eighth Amendment, did not amount to an unconstitutionally excessive fine.

## III.  Propriety of Summary Judgment

¶24          Alegria also argues that the trial court erred in granting summary judgment, claiming a genuine issue of material fact existed on the amount of cocaine seized. He contends, apparently referring to his criminal trial, that a police officer and the court stipulated the total amount of cocaine seized was 249 grams, and not "more than 500," as the state asserted in its motion for summary judgment.[3] But Alegria did not raise this issue in response to the state's

---

[3]The state actually alleged that the police had found "several hundred grams" of cocaine in one location and "more than 200 [additional] grams" in another part of the property.

13

motion and did not present any evidence that only 249 grams had been involved.  Accordingly, the court did not err in granting summary judgment.  *See GM Dev. Corp. v. Cmty. Am. Mortgage Corp.*, 165 Ariz. 1, 5, 795 P.2d 827, 831 (App. 1990) (party opposing summary judgment motion has burden to demonstrate existence of issue of fact).  Nor would this discrepancy have been material to the forfeiture proceedings.

## DISPOSITION

¶25    The trial court's judgment is affirmed.

_____
JOSEPH W. HOWARD, Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Presiding Judge


_____
M. JAN FLÓREZ, Judge